FRANKLIN COUNTY BOARD OF COMMISSIONERS, Appellee,

v.

STATE EMPLOYMENT RELATIONS BOARD, Appellant; Ohio
Council 8, American Federation of State, County and
Municipal Employees, AFL–CIO, Appellee.

FRANKLIN COUNTY BOARD OF COMMISSIONERS, Appellee,

v.

STATE EMPLOYMENT RELATIONS BOARD, Appellee; Ohio
Council 8, American Federation of State, County and
Municipal Employees, AFL–CIO, Appellant.

[Cite as *Franklin Cty. Bd. of Commrs. v. State Emp.
Relations Bd.* (1989), 64 Ohio App.3d 113.]

Court of Appeals of Ohio,
Franklin County.

Nos. 88AP–347, 88AP–353.

Decided Sept. 19, 1989.

*Schottenstein, Zox & Dunn, Robert D. Weisman* and *John W. Ferron,* for Franklin County Board of Commissioners.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Loren L. Braverman,* for State Employment Relations Board.

*Ronald H. Janetzke,* for Ohio Council 8, AFSCME, AFL–CIO.

BOWMAN, Judge.

In August 1985, a representation election was held by appellant, State Employment Relations Board ("SERB"), among the employees of appellee, Franklin County Commissioners ("commissioners"), with a choice on the ballot of representation by appellant, American Federation of State, County and Municipal Employees ("AFSCME"), or no representation. In all, ninety-nine ballots were cast: forty-eight for AFSCME; forty-seven for no representation; two of the ballots were challenged; and two were found to be void by the SERB employees conducting the election. AFSCME filed an objection to SERB's decision to void two of the ballots and the commissioners responded to that objection.

SERB, after a review of the two ballots earlier found to be void, determined that one should be counted as a "yes" vote for AFSCME resulting in a new

vote tally of forty-nine votes for AFSCME, forty-seven votes for no representation and one void ballot. On September 12, 1985, SERB certified the election results and determined AFSCME was the exclusive representative of employees of the commissioners. It is the September 1985 decision of SERB and the procedures followed by SERB in notifying the commissioners of that decision that gave rise to the ensuing litigation; however, issues pertaining to how the disputed votes were counted are not part of this appeal.

Although not served with a copy of the decision by certified mail, the commissioners became aware of it in some manner and filed an appeal with the Franklin County Court of Common Pleas pursuant to R.C. 119.12. The common pleas court affirmed the decision of SERB certifying AFSCME as the exclusive bargaining representative, and the commissioners appealed to this court. In *Franklin Cty. Bd. of Commrs. v. State Emp. Relations Bd.* (Dec. 15, 1987), No. 87AP–98, unreported, 1987 WL 28454, this court found that, inasmuch as SERB failed to comply with the requirements of R.C. 119.09 and did not send a copy of its decision by certified mail, the appeal of the commissioners was premature and the common pleas court lacked jurisdiction to decide the merit issues. The case was remanded to the common pleas court with instructions to dismiss the appeal. On or about January 14, 1986, the commissioners received, by ordinary mail, a copy of the SERB order certifying AFSCME as the exclusive representative of the employees of the commissioners.

While the litigation was pending as to the certification of AFSCME as the winner of the representation election, the commissioners, in early January 1986 without notice to AFSCME and before receiving the certification notice, changed the hours of some of its employees from thirty-five hours to forty hours a week and eliminated paid breaks for painters. On several occasions, AFSCME filed written notices with appellee to negotiate and to request information as to employees in the bargaining units. Each time appellee responded that it refused to bargain on the basis that it had a good-faith belief that AFSCME was not the exclusive representative, and it was challenging SERB's orders certifying AFSCME as such.

As a result, AFSCME filed two unfair labor practice charges based on alleged violations of R.C. 4117.11(A)(1) and (A)(5). After notice and a hearing, SERB issued an order which found the commissioners guilty of violating those sections. The commissioners appealed to the court of common pleas which, based on the decision in *Franklin Cty. Bd. of Commrs., supra,* found that the order certifying AFSCME as the exclusive bargaining agent was of no legal effect as it was not served by certified mail as required by R.C. 119.09; therefore, the commissioners were under no obligation to negotiate with

AFSCME and there was no basis for SERB's finding that the commissioners had engaged in unfair labor practices. Both AFSCME and SERB have appealed and the appeals were consolidated.

In case No. 88AP–347, SERB sets forth the following assignments of error:

"1. The court of common pleas erred when it reversed the order of the State Employment Relations Board.

"2. The court of common pleas erred when it concluded that a certification directive of the State Employment Relations Board not served in accordance with R.C. 119.09 is invalid and of no effect.

"3. The court of common pleas erred when it failed to find that the order of the State Employment Relations Board was supported by substantial evidence on the record as a whole and in accordance with law."

In case No. 88AP–353, AFSCME sets forth the following assignments of error:

"1. The Lower Court erred in reversing the Opinion and Order of SERB in Case Nos. 86–ULP–03–0093 and 86–ULP–05–0185 on the basis that it is contrary to law.

"2. The Lower Court erred in holding that the FCBCC had no obligation to bargain with OC8.

"3. The Lower Court erred in failing to find that the obligation to bargain with OC8 arose on the date the revised tally of ballots issued and/or the date SERB voted to certify OC8."

Appellants' assignments of error are related and will be considered together.

■ An employee organization becomes the exclusive representative for public employees in a particular bargaining unit in one of two ways: either as the result of a voluntary recognition agreement signed by an employer and an employee organization or by receiving the majority of votes cast by employees in a bargaining unit in a representation election conducted by SERB. R.C. 4117.05(A). Here, AFSCME was selected as the exclusive bargaining agent as the result of an election. R.C. 4117.04(B) provides:

"A public employer shall bargain collectively with an exclusive representative designated under section 4117.05 of the Revised Code for purposes of Chapter 4117. of the Revised Code.

"When the state employment relations board notifies a public employer that it has certified an employee organization as exclusive representative for a unit of its employees, the public employer shall designate an employer representative and promptly notify the board and the employee organization of his

identity and address. On certification, the employee organization shall designate an employee representative and promptly notify the board and the public employer of his identity and address. * * * ''

While neither R.C. 4117.04 nor 4117.05 provides how SERB is to give notice of its certification of an employee organization as the exclusive representative, R.C. 4117.02(M) provides:

"Except as otherwise specifically provided in this section, the board is subject to Chapter 119. of the Revised Code, including the procedure for submission of proposed rules to the general assembly for legislative review under division (H) of section 119.03 of the Revised Code."

R.C. 119.09 provides the procedure for an agency to follow in conducting an adjudication hearing and further provides:

"After such order is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party."

Here, it is conceded that, although appellee received notice of SERB's certification of AFSCME as the exclusive representative and was, in fact, contesting that finding before SERB and in common pleas court, appellee has never received certified mail notice of SERB's certification, although it did receive such notice by ordinary mail in January 1986.

■ Appellants contend that, whether or not appellee had certified mail notice, there was a duty to collectively bargain with AFSCME as soon as the certification order was issued in September 1985, and cite in support of their argument cases arising from decisions of the National Labor Relations Board. Appellee contends that, until receipt of certified mail notice which complies with R.C. 119.09, it has no duty to bargain and that the notice received in January 1986 does not comply with R.C. 119.09. Appellants further contend that, even if the notice sent September 12, 1985 was not valid for purposes of filing a notice of appeal, the order was still enforceable and imposed on appellee the duty to collectively bargain. We disagree. There was no finding that appellee acted intentionally to thwart the results of the election and avoid its results, there being no indication that the changes made could not be the subject of collective bargaining after proper certification.

The notice required by R.C. 119.09 does more than inform an affected party of its appeal rights, it is the required notification of the agency's decision and in absence of such statutory notice the affected party is not bound by such order. As noted by the Ohio Supreme Court in *Sun Refining & Marketing*

*Co. v. Brennan* (1987), 31 Ohio St.3d 306, 309, 31 OBR 584, 586–87, 511 N.E.2d 112, 115, failure to comply with R.C. 119.09 results in a violation of due process. To conclude otherwise would, in many instances, deprive a party of an effective appeal while at the same time require compliance with an agency's order. Thus, in this instance, if appellee was required to bargain with AFSCME prior to receipt of notice as required by R.C. 119.09, when such notice was received and the appeal time began to run, any issues to be raised would be moot. Therefore, until such time as SERB complies with its statutory obligation, pursuant to R.C. 119.09, the commissioners are not under an obligation to bargain with AFSCME.

Appellants' reliance on cases decided by the National Labor Relations Board is misplaced. The Ohio Supreme Court stated, in *South Community, Inc. v. State Emp. Relations Bd.* (1988), 38 Ohio St.3d 224, 228, 527 N.E.2d 864, 867:

"Also, the appellants argue that appeal of the issues sought here should also be denied based upon a comparative analysis of the chapter of Ohio law pertaining to the Public Employees' Collective Bargaining Act and the National Labor Relations Act. We feel that it is not necessary to go into any great detail in the analysis of each of these laws and their similarities and differences. It need only be noted that the National Labor Relations Board deals with private sector employers and employees, and SERB deals with public sector employers and employees. The General Assembly has considered the public policy differences, and so enacted R.C. Chapter 4117. Finally, even though we would review the present issues within the general context of the National Labor Relations Act, Ohio's Act specifically provides for the appeal sought herein by way of R.C. 4117.02(M), which quite clearly carries out the legislative purpose to make SERB subject to R.C. Chapter 119."

Inasmuch as appellee had no obligation to engage in collective bargaining with AFSCME until receipt of notice as required by R.C. 119.09, the common pleas court did not err in entering its judgment of reversal. Appellants' assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and WHITESIDE, J., concur.

McCORMAC, P.J., substituted for ROBERT E. COOK, J., deceased, who was sitting by assignment.