SLONE, Appellant,

v.

STATE BOARD OF EMBALMERS & FUNERAL DIRECTORS, Appellee.

[Cite as *Slone v. Ohio Bd. of Embalmers & Funeral Directors* (1995), 107 Ohio App.3d 628.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68873.

Decided Dec. 4, 1995.

*Zellmer & Gruber* and *James R. Douglass,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Christopher S. Cook,* Assistant Attorney General, for appellee.

*Per Curiam.*

Appellant Charles D. Slone appeals from the order of the trial court dismissing his appeal from a decision of appellee Board of Embalmers and Funeral Directors of Ohio ("board") revoking his license as an embalmer and funeral director.

Appellant claims that the board failed to personally serve him with notice of its revocation order as required by R.C. 119.09 and that he perfected his appeal to the common pleas court in a timely fashion. We find merit to the appeal, and reverse and dismiss for the reasons hereinafter discussed.

Following the appellant's conviction for embezzlement of substantial funds from his employer, Corrigan Funeral Home, the board commenced proceedings to revoke appellant's license under R.C. Chapter 119 and R.C. 4717.08(B) and (D). An administrative hearing was held August 25, 1994. The hearing examiner found cause to revoke appellant's license for the criminal conduct and recommended revocation. Based on the report, the board voted to revoke appellant's

license and mailed its final adjudication order to appellant's counsel by certified mail on November 28, 1994. The order also notified appellant of his right to appeal pursuant to R.C. 119.12 to the common pleas court by filing a notice of appeal within fifteen days of the mailing of the order. The board did not mail a similar notice directly to the appellant. On December 12, 1994, appellant filed a notice of appeal with the common pleas court and mailed a notice of the appeal to the board under cover of a letter dated December 13, 1994. According to the board's time-stamped copy, it was not received by the board until December 16, 1994, more than fifteen days from the mailing of the order.

The board filed a motion to dismiss the appeal on the grounds that appellant failed to file his appeal with both the common pleas court and the board in a timely fashion as required by R.C. 119.12. It was granted by the trial court without explanation or opinion. This timely appeal ensued.

We will address the assignments of error in the order asserted.

"I. The court ot common pleas erred when it granted defendant-appellee's motion to dismiss when defendant-appellee failed to serve the affected party with notice of its order as required by ORC § 119.09 and the 15-day appeal period never commenced to run."

█ Appellant contends that the board failed to personally serve notice of its final decision upon him, that such service was a condition precedent to a valid order, and that his time to file a timely appeal was not triggered, even though the board served his attorney. The board argues the familiar rule that this issue was not raised below in opposition to the motion to dismiss and cannot be raised now. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 220, 574 N.E.2d 457, 462–463; *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 209, 24 O.O.3d 316, 317, 436 N.E.2d 1001, 1002–1003; *In re Awkal* (1994), 95 Ohio App.3d 309, 319, 642 N.E.2d 424, 430. While we would ordinarily recognize that principle of appellate practice, we find that it does not apply here because a question of subject matter jurisdiction can be raised at any time, even for the first time on appeal. *Shawnee Twp. v. Allen Cty. Budget Comm.* (1991), 58 Ohio St.3d 14, 15, 567 N.E.2d 1007, 1009–1010; *Jenkins v. Keller* (1966), 6 Ohio St.2d 122, 126, 35 O.O.2d 147, 149, 216 N.E.2d 379, 382; *Cleveland v. A.J. Rose Mfg. Co.* (1993), 89 Ohio App.3d 267, 273, 624 N.E.2d 245, 248–249. Since subject-matter jurisdiction is never waived and is not waivable, we agree appellant may raise this issue and we may consider it although not raised below. *Jones v. Chagrin Falls* (May 25, 1995), Cuyahoga App. No. 67416, unreported, 1995 WL 322400; *Santoro v. Ohio Bur. of Motor Vehicles* (Dec. 21, 1994), Lorain App. No. 94CA005879, unreported, 1994 WL 709658.

 Pursuant to R.C. 119.09, an administrative determination that revokes a license to practice a profession requires notice to the affected party and an opportunity to be heard. Under R.C. 119.09, the state agency or board must serve a copy of its final order on the affected party as well as his attorney:

"After such order is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected. A copy of such order shall be mailed to the attorneys or other representatives of record representing the party."

It is undisputed that the board has failed to serve the party affected by its order, Charles D. Slone, the appellant, with its order as required by statute. The mailing of a copy of the order to appellant's attorney does not satisfy the requirement of service on appellant. This is confirmed by the Ohio Supreme Court's decision in *Sun Refining Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 31 OBR 584, 511 N.E.2d 112, which stated as follows:

"More persuasive is Sun's argument that compliance by an agency with the procedural requirements of R.C. 119.12 is a condition precedent to the running of the fifteen-day appeal period set forth in R.C. 119.12.

" * * *

"Of the above requirements [of R.C. 119.09], the board only complied with the last, in that it mailed an uncertified copy of its decision to Sun's local attorney. The board failed to send Sun a certified copy of its decision by certified mail, return receipt requested. As Sun is the 'party affected' by the board's decision, the board should have sent such a copy to Sun's refinery in Toledo, or even better, to Sun's corporate headquarters in Philadelphia, Pennsylvania. It is clear that the board has not complied with the procedural requirements provided in R.C. 119.09.

"In *Proctor v. Giles* (1980), 61 Ohio St.2d 211, 15 O.O.3d 227, 400 N.E.2d 393, we held that compliance by an agency with the procedural requirements of R.C. 4141.28(O) was a necessary precondition to the running of the thirty-day appeal period provided for in that statute. The agency in *Proctor* could not prove that it had ever mailed a copy of its decision to the affected party. The court likened R.C. 4141.28(O) to 4141.28(H), and concluded that the provisions are similar 'in that both establish the mailing date of the agency decision as the triggering point for appeal time to run.' *Id.* at 213, 15 O.O.3d at 228, 400 N.E.2d at 395. In the case at bar, the procedural requirements of R.C. 4141.28(O) are similar to those of R.C. 119.09, and the appeal-period language of R.C. 4141.28(O) is similar to that of R.C. 119.12. It is therefore logical to conclude that the procedural

requirements of R.C. 119.09 must be met before the running of the appeal period of R.C. 119.12 is triggered.

"The same conclusion was reached by the Franklin County Court of Appeals in *Haddix v. Liquor Control Comm.* (June 13, 1985), Franklin App. No. 85AP–124, unreported [1985 WL 10323]:

" 'We find that * * * R.C. 119.09 contemplates that * * * [the agency] will receive a return receipt with a signature of receipt or refusal. * * * *Although R.C. 119.12 provides that the time for appeal starts running when the notice is mailed, we find that the requirements for due proces as provided under the United States and Ohio Constitutions are not complied with under the facts of this case. * * * '* (Emphasis added.)

"As in *Proctor* and *Haddix,* the affected party herein, Sun, never received a copy of the agency's decision as required by statute. Due process has not been satisfied in this case. R.C. 119.12 provides only a short time for appeal of an agency's order, and thus it is important that an agency comply with the procedural requirements of R.C. 119.09, so that the affected party is put on notice of the agency's decision in time to pursue an appeal if it so desires.

"We hold that the fifteen-day appeal period in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09. Were we to hold otherwise, it is conceivable that an affected party could lose its right to appeal before receiving notice of an agency's decision, and thereby be deprived of its due process rights.

"Accordingly, the decision of the court of appeals is reversed and the cause is dismissed." *Sun Refining, supra,* 31 Ohio St.3d at 308–309, 31 OBR at 585–586, 511 N.E.2d at 114–115.

█ The failure of the appellee to serve appellant notice of the decision was a violation of due process and deprived appellant of his right to an effective appeal. *Franklin Cty. Bd. of Commrs. v. State Emp. Relations Bd.* (1989), 64 Ohio App.3d 113, 118, 580 N.E.2d 832, 835–836; *In re Good Samaritan Med. Ctr.* (1991), 61 Ohio App.3d 437, 446, 572 N.E.2d 849, 854–855. See, also, *State ex rel. Citizens for Van Meter v. Ohio Elections Comm.* (1992), 78 Ohio App.3d 289, 292, 604 N.E.2d 775, 777.

█ Accordingly, inasmuch as the board failed to comply with the procedural requirements set forth in R.C. 119.09, the fifteen-day period set forth in R.C. 119.12 did not commence to run and the judgment rendered by the court is void *ab initio.* *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 70, 518 N.E.2d 941, 943–944; *Freeland v. Pfeiffer* (1993), 87 Ohio App.3d 55, 58, 621 N.E.2d 857, 859–860. If the appeal period did not commence to run, the appeal by appellant was not

untimely commenced, even if it was otherwise a day or two late in service upon the board. We adopt the solution to this problem by paraphrasing the Supreme Court's remedy in *Sun Refining,* 31 Ohio St.3d at 309, 31 OBR at 587, 511 N.E.2d at 115, fn. 2: "When the board complies with R.C. 119.09 and sends [appellant] a certified copy of its decision by certified mail, return receipt requested, [appellant] may file a new notice of appeal within fifteen days after the date of mailing of the board's decision pursuant to R.C. 119.12."

This assignment of error is sustained.

"II. The court of common pleas erred when it granted defendant-appellee's motion to dismiss when plaintiff-appellant's notice of appeal of an administrative order was placed in the mail within sufficient time for defendant-appellee to receive the notice within the statutory period."

Based on our disposition of Assignment of Error I, it is not necessary to address this assignment of error, which is moot. App.R. 12(A)(1)(c).

The order dismissing the appeal to the common pleas court is reversed.

*Judgment accordingly.*

SPELLACY, P.J., PORTER and NAHRA, JJ., concur.