WILLIAMS, Appellant,

v.

DRABIK, Dir., Ohio Department of Administrative Services, Appellee.

[Cite as *Williams v. Drabik* (1996), 115 Ohio App.3d 295.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE05–714.

Decided Oct. 17, 1996.

*Daniel J. Allen; Barkan & Barkan Co., L.P.A.,* and *Neal J. Barkan,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Christopher S. Cook*, for appellee.

---

CLOSE, Judge.

This is an appeal from a judgment rendered by the Franklin County Court of Common Pleas dismissing an R.C. 119.12 appeal as untimely filed. Appellant, Brenda Williams, raises the following single assignment of error:

"The trial court erred in sustaining the defendant's motion to dismiss the appellant's administrative appeal."

The relevant facts are as follows. Appellant applied for disability benefits. Her application was ultimately denied on October 16, 1995. Notice of the adjudication order was mailed on October 17, 1995 and received by appellant on October 21, 1995. On November 3, 1996, seventeen days after the notice was mailed, appellant filed a notice of appeal with both the trial court and with appellee, Ohio Department of Administrative Services ("ODAS"). ODAS moved to dismiss her appeal, claiming that the court lacked jurisdiction as a result of appellant's failure to comply with the fifteen-day time limit. The trial court sustained that motion and dismissed the appeal.

Appellant's notices of appeal were filed seventeen days after the mailing of appellee's adjudication order, but thirteen days after appellant had received the adjudication order. R.C. 119.12 requires that "such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order." Thus, appellant's notices of appeal must be filed within fifteen days after the *mailing* of the notice of the adjudication order. *Hart v. Bd. of Liquor Control* (1953), 96 Ohio App. 128, 121 N.E.2d 257; *Franklin Cty. Bd. of Commrs. v. State Emp. Relations Bd.* (1989), 64 Ohio App.3d 113, 580 N.E.2d 832.

█ This court has long held that "[t]he provisions of [R.C. 119.12] relating to the time for filing a notice of appeal are mandatory, and if a notice of appeal is not filed within the time fixed by law, the appeal will be dismissed." *Arndt v. Scott* (App.1955), 72 Ohio Law Abs. 189, 134 N.E.2d 82, headnote one. "[C]ompliance with the requirements as to the filing of the notice of appeal—the time of filing, the place of filing and the content of the notice as specified in the statute— are all conditions precedent to jurisdiction." *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 127, 84 N.E.2d 746, 748.

█ There simply is no way that the trial court had any jurisdiction to do anything other than dismiss the appeal. The only extenuation that exists in this case was that the notice received by appellant indicated that she had fifteen days after the date of her receipt to file a notice of appeal. That same notice, however,

advised that R.C. 119.12 governed her rights on appeal. Additionally, the order appealed from was attached to the notice and the order specifically included language that the appeal must be filed within fifteen days after the mailing of the notice.

Irrespective of any inconsistency between the notice and the order, it is clear that jurisdiction cannot be conferred when it does not exist. Unlike *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 511 N.E.2d 112, and its progeny, appellant received notice of the agency's order via certified mail service. The time for appeal, therefore, began to run when appellee mailed the notice of its adjudication order. Appellant's untimely filing of her notice of appeal was jurisdictional and fatal.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN and DESHLER, JJ., concur.