SLONE, Appellant,

v.

BOARD OF EMBALMERS AND FUNERAL DIRECTORS OF OHIO, Appellee.

[Cite as *Slone v. Ohio Bd. of Embalmers & Funeral Directors* (1997), 123 Ohio App.3d 545.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71627.

Decided Nov. 17, 1997.

*Zellmer & Gruber* and *James R. Douglass,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Christopher S. Cook,* Assistant Attorney General, for appellee.

*Per Curiam.*

This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 25.

Appellant, Charles D. Slone, appeals from the decision of the Common Pleas Court affirming the decision of the appellee, Board of Embalmers and Funeral Directors of Ohio ("Board"), revoking plaintiff's state licenses as a funeral director and embalmer. Plaintiff claims the revocation was not supported by reliable, probative and substantial evidence. We find no error and affirm.

The Board originally revoked appellant's Ohio licenses in November 1994 based on appellant's admitted embezzlement of substantial funds from his employer.

Pursuant to R.C. 119.12, appellant appealed that decision to the common pleas court, which affirmed the Board's order. On appeal to this court, the Board's order was reversed because the Board originally sent the revocation order to appellant via regular mail and to appellant's counsel via certified mail, when the certified mail delivery should have been sent to appellant rather than to his counsel. *Slone v. Ohio Bd. of Embalmers & Funeral Directors* (1995), 107 Ohio App.3d 628, 669 N.E.2d 288.

Subsequently, the Board rescinded and re-issued its order revoking appellant's licenses, thereby complying with the procedural requirements of R.C. 119.09 and 119.12. Appellant appealed the Board's order again to the common pleas court, contending *inter alia* that the Board had failed to certify the complete record to the common pleas court. In fact, the record had been timely certified to the court by the Board and was misfiled in the clerk's office, a fact which appellant now concedes. The lower court affirmed the Board's order on November 5, 1996, finding that it was supported by reliable, probative and substantial evidence. Appellant filed a timely appeal to this court.

The assignments of error will be addressed in the order asserted.

"I. The court erred when it failed to reverse the decision of the board of embalmers and funeral directors of ohio when said board failed to respond to its statutory duty and provide a copy of the stenographic record to the affected party after request for same was made."

Appellant contends that the Board's order should be reversed because the Board failed to provide appellant a copy of the transcript of the administrative hearing. R.C. 119.12 states in pertinent part:

"Upon demand by any interested party, the agency shall furnish at the cost of the party requesting it a copy of the stenographic report of testimony offered and evidence submitted at any hearing and a copy of the complete record."

The Board admits that a request for the transcript was made by appellant's counsel; however, when appellant's counsel was informed that it would be at appellant's cost, no offer to pay or tender of costs was made.

We are unable to review this assignment of error, as the appellant did not file his notice of appeal from the orders of the trial court denying his motions for judgment based on the Board's failure to supply him a copy of the transcript. Plaintiff filed his notice of appeal only from the trial court's judgment filed on November 5, 1996, which affirmed the Board's decision as "supported by reliable, substantial and probative evidence."

App.R. 3(D) provides:

"Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."

Plaintiff's notice of appeal does not designate or even refer to the earlier orders of the trial court, dated July 9 and August 14, 1996, which overruled appellant's motion for judgment because he did not receive a copy of the transcript specified by R.C. 119.12.

This court has held that it is without jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal. *Parks v. Baltimore & Ohio RR.* (1991), 77 Ohio App.3d 426, 428, 602 N.E.2d 674, 675–676; *Schloss v. McGinness* (1984), 16 Ohio App.3d 96, 98, 16 OBR 101, 103, 474 N.E.2d 666, 668; *Cavanaugh v. Sealey* (Jan. 23, 1997), Cuyahoga App. Nos. 69907, 69908, and 69909, unreported, at 5, 1997 WL 25521; *In re Estate of Carl Borgh* (Jan. 4, 1996), Cuyahoga App. Nos. 68033 and 68145, unreported, at 9, 1996 WL 4039; *Chotkevys v. Seman* (Sept. 21, 1995), Cuyahoga App. No. 67812, unreported, at 8, 1995 WL 558871; *McCarthy v. Stop–N–Shop Supermarkets, Inc.* (July 28, 1994), Cuyahoga App. No. 65839, unreported, at 5–7, 1994 WL 393696.

In any event, appellant will not be heard to complain of the Board's failure to supply him with a copy of the transcript when he made no effort to ensure payment of the costs incurred as required by the statute. R.C. 119.12. Although we do not believe the appellant had to make an "offers" to pay, he should have informed the agency he still desired the copy when told he would have to pay for it.

■ Furthermore, we find no evidence that appellant has been prejudiced by lack of a copy of the transcript. Appellant had the opportunity to review the official record and transcript on file in the clerk's office and obtain copies of any relevant materials necessary to his appeal. He does not explain how he was prejudiced by not receiving his personal copy of the transcript.

Assignment of Error I is overruled.

"II. The court erred in not reversing the decision of the board of embalmers and funeral directors of ohio to revoke appellant Slone's embalmers license when such revocation was not based upon reliable, probative and substantial evidence."

■ Appellant contends that the Board's order revoking both his funeral director's and embalmer's licenses was not supported by reliable, probative and substantial evidence because he embezzled funds from his employer in his capacity as a funeral director and not as an embalmer. We find no merit to this contention. We recently described the limitations on the scope of review on R.C. 119.12 appeals in *In re Senders* (1996), 110 Ohio App.3d 199, 203, 673 N.E.2d 959, 962 as follows:

"The standards of review in both the trial court and this Court on an R.C. 119.12 administrative appeal were recently set forth in *Diversified Benefit Plans Agency, Inc. v. Duryee* (1995), 101 Ohio App.3d 495, 499, 655 N.E.2d 1353, 1355–1356:

" 'When reviewing an order of an administrative agency, a common pleas court acts in a "limited appellate capacity." *Univ. Hosp., Univ. of Cincinnati College*

*of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835, 838. In reviewing an order of an administrative agency pursuant to R.C. 119.12, the common pleas court is bound to affirm the agency's order "if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750. See, also, *Bottoms Up, Inc. v. Ohio Liquor Control Comm.* (1991), 72 Ohio App.3d 726, 728, 596 N.E.2d 475, 476. The common pleas court " 'must give due deference to the administrative resolution of evidentiary conflicts' " and therefore must not substitute its judgment for that of the administrative agency. *Hawkins v. Marion Corr. Inst.* (1990), 62 Ohio App.3d 863, 870, 577 N.E.2d 720, 724, quoting *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 67, 407 N.E.2d 1265, 1267.

" 'An appellate court's review of the trial court's decision is even more limited and requires the appellate court "to determine only if the trial court has abused its discretion, *i.e.,* being not merely an error of judgment, but perversity of will, passion, prejudice, partiality or moral delinquency." *Pons,* 66 Ohio St.3d at 621, 614 N.E.2d at 750–751. Where the common pleas court applies a standard of review greater than that called for in R.C. 119.12, the trial court has abused its discretion. *Bottoms Up, Inc.,* 72 Ohio App.3d at 729–730, 596 N.E.2d at 476–477.' "

The Board revoked appellant's licenses pursuant to R.C. 4717.08(B) and (D). Those sections state that the Board "may revoke any license granted under this chapter for any of the following reasons":

"(B) If the applicant or holder has been convicted of a felony or crime involving moral turpitude;

"* * *

"(D) If the applicant or holder has been guilty of immoral or unprofessional conduct."

We find no merit to appellant's contention that the Board improperly revoked his embalmer's license because the embezzlement involved only his funeral director's license. Clearly, the embezzlement of $150,000 from one's employer involves a crime of moral turpitude as well as unprofessional conduct. The Board is clearly vested with broad discretion under these statutes, and we will not interfere with what we deem to be its sound exercise. See *Rose Hill Chapel-Ciriello Funeral Home v. Ohio Bd. of Embalmers & Funeral Directors* (1995), 105 Ohio App.3d 213, 218, 663 N.E.2d 978, 981, where the court ruled that "an administrative agency's construction of a statute that the agency is empowered to enforce must be accorded due deference," citing *Leon v. Bd. of Psychology* (1992),

63 Ohio St.3d 683, 687, 590 N.E.2d 1223, 1226, and *Chaney v. Clark Cty. Agr. Soc., Inc.* (1993), 90 Ohio App.3d 421, 426, 629 N.E.2d 513, 516–517.

Appellant's convoluted argument that he only stole "interest income" does not warrant further discussion. We find that the Board's revocation of both licenses was amply justified by this record.

Assignment of Error II is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, C.J., MATIA and PORTER, JJ., concur.