OPINION
Ronald Foster was employed by the Cuyahoga County Department of Human Services and had been classified as a Fiscal Officer I. Mr. Foster appealed such classification to the State Personnel Board of Review ("board"). After an evidentiary hearing, an administrative law judge found Mr. Foster was properly classified as a Fiscal Officer I.
On May 20, 1998, the board issued a final order adopting the report and recommendation of the administrative law judge. The final order and a notice informing Mr. Foster of his appeal rights were mailed to Mr. Foster on May 20, 1998.
The record before us indicates that Mr. Foster's notice of appeal from such final order was filed with the board on June 8, 1998 and with the Franklin County Court of Common Pleas on June 11, 1998. On June 30, 1998, the Cuyahoga County Board of Commissioners ("commissioners") filed a motion to dismiss Mr. Foster's appeal asserting such appeal had not been properly perfected. Specifically, the commissioners contended Mr. Foster had not timely filed the notices of appeal, had not made the requisite deposit and had not attached a copy of the board's final order to the notices of appeal. Mr. Foster filed a memorandum contra the motion to dismiss contending, in essence, that he complied with the requirements to perfect an appeal.
On June 11, 1999, the common pleas court rendered a decision granting the commissioners' motion to dismiss. Subsequently, a judgment entry was journalized. Mr. Foster (hereinafter "appellant") has appealed to this court, assigning the following errors for our consideration:
 1. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE STATE PERSONNEL BOARD OF REVIEW DID NOT TIMELY CERTIFY THE RECORD TO THE TRIAL COURT PURSUANT TO OHIO REVISED CODE SECTION 119.12.
 2. THE TRIAL COURT ERRED IN SUSTAINING THE MOTION OF THE APPELLEES AND DISMISSING THE APPEAL FOR FAILURE TO FILE THE NECESSARY NOTICE PURSUANT TO SECTION O.R.C. 119.12. EVIDENCE MUST NOT EXIST, BUT BE IN THE RECORD IN ORDER TO SUPPORT JUDGMENT.
 3. THE JUDGMENT OF THE COURT OF COMMON PLEAS COURT WAS IN ERROR, O.R.C. 119.09 MUST FIRST BE COMPLIED WITH BEFORE THE FIFTEEN DAYS (O.R.C. 119.12) START TO RUN, PURSUANT TO R.C. 119.12.
 4. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOWING APPELLANT TO BE PREJUDICED IN THE PRESENTATION OF ITS CASE BY THE FAILURE OF THE STATE PERSONNEL BOARD OF REVIEW TO PREPARE AND CERTIFY RECORD TO TRIAL COURT PURSUANT TO O.R.C. 119.12.
 5. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT HOLDING THE STATE PERSONNEL (BOARD) OF REVIEW AND APPELLEES HAS [sic] THE BURDEN OF REBUTTING THIS PRESUMPTION, WHEN THE BOARD DIDN'T INTRODUCE ITS OWN TIME STAMP TO OVERCOME THIS PRESUMPTION.
Appellant's assignments of error will be addressed together. The main issue is whether appellant properly perfected an appeal to the common pleas court from the board's final order. The commissioners (hereinafter "appellee") contend appellant did not perfect an appeal because the notices of appeal were not timely filed, appellant failed to submit a security deposit, and the notices of appeal did not contain a copy of the board's final order. Appellant contends he complied with all the requirements to perfect an appeal.
R.C. 119.09 and 119.12 govern appeals from board orders. R.C. 119.09 states, in pertinent part:
 After such order is entered on its journal, the agency shall serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time and method by which an appeal may be perfected.
R.C. 119.12 states, in pertinent part:
 Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.
In Sun Refining Marketing Co. v. Brennan (1987),31 Ohio St.3d 306, syllabus, the Supreme Court of Ohio held that the fifteen-day appeal period in R.C. 119.12 does not commence until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09. Appellant contends the board did not comply with R.C. 119.09. Specifically, appellant points to the board's notice which contains a statement of the time and method by which an appeal may be perfected. As indicated above, the board's order was filed and mailed on May 20, 1998. The notice indicates that an appeal from such order must be filed within fifteen days of the mailing of the order. However, at the bottom of the notice is the statement, "Notice of Appeal and Deposit must be received by SPBR on or before * * *," with a handwritten date of "June 4, 1993."
Obviously, the year "1993" is a mistake. The board's order was mailed on May 20, 1998, and fifteen days after this would be June 4, 1998. The question is whether such mistake tolled the running of the fifteen-day appeal period. We find it did not.
In Williams v. Drabik (1996), 115 Ohio App.3d 295, this court addressed a similar situation. The appellant therein had been sent a notice of her appeal rights under R.C. 119.12. Such notice erroneously indicated that she had fifteen days after thereceipt of the order to file a notice of appeal. As already noted, R.C. 119.12 gives a party only fifteen days from themailing of the order to file an appeal. Notwithstanding this error, this court affirmed the common pleas court's dismissal of the appeal as being untimely filed. Id. at 297. This court stated that the notice also included a statement that R.C. 119.12
governed the appellant's appeal rights and a statement that the appeal must be filed within fifteen days after the mailing of the notice. Id. at 296-297.
We have a similar situation in the case at bar. Here, the notice erroneously indicated that the date by which to file a notice of appeal was June 4, 1993. The actual date was June 4, 1998. However, this same notice stated twice that the notices of appeal must be filed within fifteen days after the mailing of the notice. While such statements referred to the date handwritten at the bottom of the notice, such handwritten date (specifically, the year) was obviously a misprint. Appellee points out that appellant has never alleged that such error caused him confusion. The same notice contains another handwritten date, the date by which the affidavit of indigency must be received. Such date is written as "May 27, 1998." Clearly, a date fifteen days after May 20, 1998 (the date the order and notice were mailed) would also be in the year 1998 and not five years earlier.
We also note that R.C. 119.09 requires only a statement of the time and method by which an appeal may be perfected. It does not require that the agency set forth the exact date by which a notice of appeal must be filed. The notice here met the requirements set forth in R.C. 119.09. Hence, the fifteen-day period in which to file the notices of appeal commenced on May 20, 1998, and the notices of appeal had to be filed on or before June 4, 1998.
Again, the record indicates that the notices of appeal were filed with the board and common pleas court on June 8, 1998 and June 11, 1998, respectively. Appellant seeks to introduce evidence of his mailings of the notices of appeal. However, even if this "evidence" was considered, it would not show that appellant's notices of appeal were timely filed. In addition, appellant asserts he timely faxed notices of appeal to the board on or prior to June 4, 1998. However, there is no evidence in the record, either by way of an affidavit attesting to such fact or otherwise, to support these mere statements. Further, appellant still had to file a timely notice of appeal with the common pleas court. As already indicated, such notice of appeal was not filed until June 11, 1998.
Because the notices of appeal were not timely filed, the common pleas court had no subject-matter jurisdiction over the matter and, therefore, properly dismissed the appeal. There being no subject-matter jurisdiction over the matter, it was unnecessary for the board to prepare and certify the record of proceedings as there is no case in the common pleas court.
Given the above, all of appellant's assignments of error are overruled.
Having overruled all of appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BRYANT, JJ., concur.