[Cite as *Amoako v. Ohio Motor Vehicle Dealers Bd.*, 2014-Ohio-801.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Edward Amoako dba<br>Ohio Auto Center, LLC, | : | |
| | : | |
| Appellant-Appellant, | : | |
| | : | No. 13AP-749 |
| v. | | (C.P.C. No. 13CV-697) |
| | : | |
| Ohio Motor Vehicle Dealers Board, | | (ACCELERATED CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on March 4, 2014

*James E.L. Watson*, for appellant.

*Michael DeWine*, Attorney General, and *Rachel Huston,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Edward Amoako, dba Ohio Auto Center, LLC ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas dismissing for lack of jurisdiction his appeal of the order of appellee, the Ohio Motor Vehicle Dealers Board ("the Board"), revoking his used motor vehicle dealer's license. Because we conclude that appellant did not comply with the statutory filing requirements and, therefore, the trial court lacked jurisdiction over the appeal, we affirm.

{¶ 2} The Board conducted a formal hearing on the revocation of appellant's used motor vehicle dealer's license on November 29, 2012. Following the hearing, the Board

issued an adjudication order revoking appellant's license effective January 29, 2013. The Board mailed a copy of the adjudication order to appellant on January 4, 2013.

{¶ 3} Appellant filed a notice of appeal of the Board's order with the Franklin County Court of Common Pleas on January 17, 2013. However, appellant's notice of appeal was not filed with the Board until January 25, 2013. Appellee moved to dismiss the appeal with prejudice, arguing that appellant failed to comply with the statutory filing requirements under R.C. 119.12 for an appeal of the Board's order because he did not file the notice of appeal with the trial court and the Board within 15 days after the Board's order was mailed. Appellant asserted that he attempted to personally file a copy of the notice of appeal with the Board on or about January 17, 2013, but that a Board employee refused to accept it. The trial court conducted an evidentiary hearing on the issue of what, if any, efforts appellant made to file a copy of the notice of appeal with the Board on or before January 22, 2013. Following the hearing, the trial court issued a judgment dismissing the appeal for lack of jurisdiction due to appellant's failure to timely perfect his appeal.

{¶ 4} Appellant appeals from the trial court's judgment, assigning a single error for this court's review:

> The Trial Court erred to the substantial prejudice of the Appellant-Plaintiff in granting Appellees'-Defendants' [sic] motion to dismiss with prejudice.

{¶ 5} Decisions of the Board are subject to appeal under the provisions of R.C. 119.12. R.C. 4517.58 ("The decision [of the Board] shall be final upon its delivery or mailing, except that any person adversely affected by the decision may appeal in the manner provided by sections 119.01 to 119.13 of the Revised Code."). R.C. 119.12 sets forth the procedure to be used when appealing an agency decision:

> Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. The notice of appeal may, but need not, set forth the specific grounds of the party's appeal beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. The notice of appeal shall also be filed by the appellant with the

court. In filing a notice of appeal with the agency or court, the notice that is filed may be either the original notice or a copy of the original notice. Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.

{¶ 6} Failure to file a notice of appeal within the 15-day period provided under R.C. 119.12 deprives the common pleas court of subject-matter jurisdiction over the appeal. *Coleman v. Ohio Bd. of Nursing*, 10th Dist. No. 12AP-869, 2013-Ohio-2073, ¶ 11. *See also Williams v. Drabik*, 115 Ohio App.3d 295, 296 (10th Dist.1996) (holding that compliance with the requirements of R.C. 119.12, including the time of filing, is a condition precedent to jurisdiction). "[A] party adversely affected by an agency decision must * * * strictly comply with R.C. 119.12 in order to perfect an appeal." *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, ¶ 17. We review de novo the issue of subject-matter jurisdiction. *Pole v. Ohio Dept. of Health*, 10th Dist. No. 08AP-1110, 2009-Ohio-5021, ¶ 7.

{¶ 7} The Board mailed its adjudication order revoking appellant's license on January 4, 2013. The 15th day after the order was mailed was January 19, 2013, which was a Saturday, and the following Monday was a legal holiday; therefore, appellant's notice of appeal was required to be filed by Tuesday, January 22, 2013. *See* R.C. 1.14. Although appellant filed a notice of appeal with the Franklin County Court of Common Pleas on January 17, 2013, his notice of appeal was not filed with the Board until January 25, 2013. In response to the Board's motion to dismiss, appellant argued that he mailed a copy of the notice to the Board on January 17, 2013, and that a Board employee refused to accept a hand-delivered copy of the notice on or about January 17, 2013. The Board responded by filing an affidavit of a Board employee, attesting that neither appellant, nor anyone else purporting to represent Ohio Auto Center, appeared at the Board's office and attempted to file any notice of appeal on January 17 or 18, 2013. The employee further attested that she received a call from appellant on January 24, 2013, in which he indicated that he had filed an appeal with the trial court and asked whether there was anything else he needed to do. The employee also stated that appellant personally appeared at the Board's office on January 25, 2013, and filed a copy of the notice of appeal. The trial court conducted an

evidentiary hearing on what, if any, effort appellant made to tender a copy of the notice of appeal to the Board prior to January 22, 2013. Although no transcript of the hearing was filed with this court, presumably any evidence presented at the hearing was insufficient to demonstrate that appellant satisfied the statutory filing requirement because, following the hearing, the trial court concluded that appellant failed to comply with the requirements for timely perfecting an appeal and granted appellee's motion to dismiss.

{¶ 8} On appeal, appellant appears to argue that the trial court erred in determining that the time to file his appeal began to run when the Board mailed its order. However, the statute expressly provides that, unless otherwise provided by law "notices of appeal shall be filed within fifteen days *after the mailing of the notice of the agency's order.*" (Emphasis added.) R.C. 119.12. Further, appellant asserts that, under Fed.R.Civ.P. 6, three days must be added to the filing period because he was served with the order by mail. Generally, the Federal Rules of Civil Procedure apply in federal courts; whereas, this is an action in state court involving the application of state law. *See* Fed.R.Civ.P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."). Therefore, we reject appellant's arguments.

{¶ 9} In *Williams*, this court held that an appeal under R.C. 119.12 from a denial of disability benefits was untimely when the notice of appeal was filed with the trial court and the administrative agency 17 days after the notice of denial of benefits was mailed. *Williams* at 296-97. We affirmed the trial court's dismissal of the appeal as untimely filed. *Id.* at 297. In *Pole*, a notice of appeal under R.C. 119.12 from an order finding a violation of Ohio's SmokeFree Workplace Law was timely filed with the common pleas court but was filed one day late with the administrative agency. *Pole* at ¶ 2-4. The trial court concluded that it lacked jurisdiction due to the failure to comply with the statutory filing requirement and dismissed the appeal. On appeal to this court, the appellant argued that, because the notice was properly addressed, contained proper postage, and was timely mailed, it was entitled to a presumption of delivery and constructive receipt. *Id.* at ¶ 12. This court rejected that argument, holding that depositing the notice in the mail did not constitute filing under R.C. 119.12 and that the notice of appeal must be received within

the statutory time period. *Id.* at ¶ 14. On that basis, we affirmed the trial court's dismissal for lack of jurisdiction due to the untimely filing. *Id.* at ¶ 17.

{¶ 10} In this case, the Board mailed the order revoking appellant's license on January 4, 2013. Accordingly, under the applicable statutory provisions, appellant was required to file his notice of appeal with the court of common pleas and the Board no later than January 22, 2013. Appellant did not file his notice of appeal with the Board until January 25, 2013, which is outside the 15-day period provided under R.C. 119.12. Accordingly, the trial court lacked subject-matter jurisdiction over the appeal.

{¶ 11} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and O'GRADY, JJ., concur.

_____