[Cite as *Swartz v. Ohio Dept. of Job & Family Servs.*, 2014-Ohio-3552.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| MARK SWARTZ, et al., | : | CASE NO. CA2014-01-004 |
| Plaintiffs-Appellants, | : | |
| | : | O P I N I O N<br>8/18/2014 |
| - vs - | : | |
| | : | |
| OHIO DEPARTMENT OF JOB<br>AND FAMILY SERVICES, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2013-09-2711

Mark Swartz and Michelle Swartz, 1953 Michelle Lane, Middletown, Ohio 45044, plaintiffs-appellants, pro se

Rebecca Thomas, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215, for defendant-appellee

**S. POWELL, J.**

{¶ 1} Appellants, Mark and Michelle Swartz, appeal pro se from the decision of the Butler County Court of Common Pleas dismissing their administrative appeal from the final adjudication order issued by appellee, Ohio Department of Job and Family Services (ODJFS), revoking the certification of their home as a foster home for children. For the

reasons outlined below, we affirm.

## Facts and Procedural History

{¶ 2}   On July 11, 2013, ODJFS issued a proposed adjudication order notifying the Swartzes that it was planning on revoking the certification of their home as a foster home for children.   The notice came after it was alleged the Swartzes failed to complete their corrective action plan by not attending classes or submitting their tax returns as requested. As part of the proposed adjudication order, ODJFS informed the Swartzes that they could request a hearing on the matter within 30 days from the date the notice was mailed.   The notice also explicitly informed the Swartzes that the "failure to timely request a hearing will cause [a final] adjudication order to be entered by ODJFS revoking the certification of your foster home."  Despite receiving this notice, it is undisputed the Swartzes did not request a hearing on the matter.

{¶ 3}   On August 23, 2013, ODJFS issued a final adjudication order to the Swartzes revoking the certification of their home as a foster home for children.  As part of the final adjudication order, ODJFS informed the Swartzes, in pertinent part, the following:

> Hereby be advised that you may be entitled to appeal this Adjudication Order to the Court of Common Pleas in the county of business or residence pursuant to Section 119.12 of the Ohio Revised Code.  * * * The notice of appeal may, but need not, set forth the specific grounds of the party's appeal beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and are not in accordance with law.

The final adjudication also stated:

> In order to be determined filed with ODJFS, the notice of appeal must be received by ODJFS, as evidenced by an ODFJS date and time stamp, no later than fifteen (15) days after the mailing of this Adjudication Order to the affected party.  The affected party shall also file the notice of appeal with the court of common pleas no later than fifteen days after the mailing of this Adjudication Order to the affected party.  In filing a notice of appeal with ODJFS or the court, the notice that is filed may be

- 2 -

the original notice or a copy of the original notice.

{¶ 4} On September 5, 2013, the Swartzes filed a timely notice of appeal with ODJFS. The Swartzes, however, did not file a notice of appeal with the common pleas court until September 25, 2013, some 33 days after ODJFS mailed the final adjudication order. After receiving notice of the Swartzes' appeal, ODJFS filed a motion to dismiss arguing the common pleas court lacked jurisdiction to rule on the matter as it was not timely filed with the court as required by R.C. 119.12. ODJFS also argued that even if their administrative appeal was timely filed, the Swartzes failed to exhaust their administrative remedies by failing to request a hearing from the proposed adjudication order under R.C. 119.07. The common pleas court agreed with both arguments and issued a decision dismissing the Swartzes' administrative appeal on December 20, 2013.

{¶ 5} The Swartzes now appeal from the common pleas court's decision. However, in reviewing their appellate brief, we note that the Swartzes have not provided this court with any assignments of error as required by App.R. 16(A)(3) or Loc.R. 11(B)(3). Instead, the Swartzes merely cite to the United States Supreme Court's decision in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and request this court to independently review the record to determine if any possible error exists. This procedure is typically only used in criminal cases when appointed counsel determines that an appeal is frivolous. Yet, some Ohio courts have extended *Anders* to appeals involving the termination of parental rights, as well as to certain custody cases in juvenile proceedings. *See Sabrina J. v. Robbin C.*, 6th Dist. Lucas No. L-00-1374, 2001 WL 1155836, *1 (Sept. 28, 2001) (finding *Anders* should apply to custody cases in juvenile proceedings where counsel has been appointed); *see also In re K.B.*, 7th Dist. Belmont No. 09 BE 24, 2010-Ohio-1015, ¶ 1 (finding "considerable precedent in Ohio case law for applying the rules and procedure used in *Anders*, a criminal case, to civil permanent custody cases in which appointed counsel finds no merit in the

appeal and wishes to withdraw."); *but see In re J.M.*, 1st Dist. Hamilton No. C-130643, 2013-Ohio-5896, ¶ 19 (finding *Anders* procedures are not appropriate in appeals from decisions terminating parental rights or awarding legal custody).

{¶ 6} We are reluctant to extend *Anders* to encompass anything beyond its intended boundaries of criminal appeals. Nevertheless, in reviewing the Swartzes' brief submitted in this matter, we find it clear that they take issue with the common pleas court's decision dismissing this matter upon finding it (1) lacked jurisdiction to hearing their untimely appeal under R.C. 119.12, and that, (2) even if their administrative appeal was timely filed, that they failed to exhaust their administrative remedies under R.C. 119.07. In fact, in requesting this court to conduct an *Anders* review, the Swartzes specifically ask this court to determine "whether the court erred by dismissing appellants (sic) motion to appeal." Therefore, in the interest of fairness and justice, we will review the common pleas court's decision dismissing the Swartzes' administrative appeal as it relates to these two issues only. Our decision to review this matter, however, is explicitly limited to the facts and circumstances of this case and should not be construed as an extension of the *Anders* procedures generally applied by this court in criminal appeals.

**Final Appealable Order Subject to Review under App.R. 12(A)(1)(b)**

{¶ 7} Initially, we note that during oral argument in this matter, the Swartzes claimed they had no issue with ODJFS revoking the certification of their home as a foster home for children. Instead, the Swartzes claimed that they were actually challenging the revocation of their "adoption license." Our review of the record, however, does not uncover any reference to a so-called "adoption license." Moreover, as part of their notice submitted to the common pleas court in this matter, the Swartzes specifically stated that they were appealing "the decision of Ohio Department of Jobs and Family Services in Adjudication Order on 8/23/2013 that revokes our certification as a foster home." The Swartzes' notice of appeal with this

court references the same "Ohio Department of Jobs and Family Services in Adjudication Order on 8/23/2013 that revokes our certification as a foster home."  Pursuant to App.R. 12(A)(1)(b), we are only entitled to review and affirm, modify, or reverse the judgment or final order appealed.  Therefore, as the Swartzes' are appealing from the common pleas court's decision dismissing their administrative appeal from the ODJFS final adjudication order revoking the certification of their home as a foster home for children, we are similarly limited in our review.  Any decision regarding the Swartzes' so-called "adoption license" is a wholly separate matter not properly before this court.

### The Common Pleas Court Did Not Err by finding it Lacked Jurisdiction to Hear the Swartzes' Untimely Administrative Appeal under R.C. 119.12

{¶ 8}   That said, after a thorough review of the record, we find no error in the trial court's decision dismissing the Swartzes' administrative appeal as untimely.  Pursuant to R.C. 119.12, the general statute regarding administrative appeals, "[a]ny party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law."  The notice of appeal must also be filed with the common pleas court.  "[A] party adversely affected by an agency decision must * * * strictly comply with R.C. 119.12 in order to perfect an appeal."  *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47, 2007-Ohio-2877, ¶ 17.  The "[f]ailure to meet this filing deadline will result in dismissal of the untimely appeal, as it precludes jurisdiction in the trial court."  *Austin v. Ohio FAIR Plain Underwriting Assn.*, 10th Dist. Franklin No. 10AP-895, 2011-Ohio-2050, ¶ 6, citing *Thompson & Ward Leasing Co. v. Ohio State Bur. of Motor Vehicles*, 10th Dist. Franklin No. 08AP-41, 2008-Ohio-3101, ¶ 10.

{¶ 9}   Applying the statute to the case at bar, R.C. 119.12 required the Swartzes to file a notice of appeal with the ODJFS and the court of common pleas within 15 days from

the date the final adjudication order was mailed on August 23, 2013. As noted above, it is undisputed the Swartzes did file a timely notice of appeal with ODJFS on September 5, 2013. The Swartzes, however, did not file their notice of appeal with the common pleas court until September 25, 2013, some 33 days after ODJFS mailed the final adjudication order to them. This was clearly untimely.

{¶ 10} The Swartzes, however, claim their failure to file the timely notice of appeal with the common pleas court should be excused because the final adjudication order did not clearly state that their notice of appeal "**must** be filed in court of common pleas or which court notice was to be filed." (Emphasis sic.) We disagree. As noted above, the final adjudication order specifically stated that "you may be entitled to appeal this Adjudication Order to the **Court of Common Pleas in the county of business or residence** pursuant to Section 119.12 of the Ohio Revised Code." (Emphasis added.) The final adjudication order also stated that in addition to filing the notice with ODJFS, "[t]he affected party shall **also file the notice of appeal with the court of common pleas** no later than fifteen days after the mailing of this Adjudication Order to the affected party." (Emphasis added.) This provided more than enough notice for the Swartzes to determine when and where to file their notice of appeal.

{¶ 11} Because the Swartzes failed to comply with the 15-day period for filing a notice of appeal under R.C. 119.12, the common pleas court correctly concluded that dismissal of the Swartzes' administrative appeal was necessary as it did not have jurisdiction over the matter. *See Nibert v. Ohio Dept. of Rehab. & Corr.*, 84 Ohio St.3d 100, 102 (1998) (holding failure to file a copy of the notice of appeal with the common pleas court constitutes a jurisdictional defect and requires dismissal); *see, e.g., Zidian v. Dept. of Commerce*, 7th Dist. Mahoning No. 11 MA 39, 2012-Ohio-1499 (dismissing administrative appeal where appellant filed his notice of appeal outside the 15-day period provided under R.C. 119.12); *Amoako v.*

*Ohio Motor Vehicle Dealers Bd.*, 10th Dist. Franklin No. 13AP-749, 2014-Ohio-801 (same). The fact that the Swartzes appeared pro se in this matter does not change this finding as they were still subject to the same rules and procedures as are those represented by counsel. *New Falls Corp. v. Pierson*, 12th Dist. Clermont No. CA2013-03-023, 2014-Ohio-567, ¶ 6.

### The Common Pleas Court Did Not Err by finding the Swartzes Failed to Exhaust Their Administrative Remedies under R.C. 119.07

{¶ 12} We also find no error with the common pleas court's decision dismissing the Swartzes' administrative appeal upon finding they failed to exhaust their administrative remedies. Here, just as the common pleas court found, the record is clear that the Swartzes never requested an administrative hearing with ODJFS regarding the July 11, 2013 proposed adjudication order under R.C. 119.07. "A failure to timely request an administrative hearing constitutes a failure to exhaust administrative remedies." *Reichart-Spaeth v. State of Ohio Counselor*, 2d Dist. Montgomery No. 18521, 2001 WL 256314, *2 (Mar. 16, 2001), citing *State Med. Bd. v. Fiorica*, 10th Dist. Franklin No. 88AP-516, 1988 WL 118820 (Nov. 3, 1988). Therefore, even if we were to find the Swartzes had filed a timely notice of appeal as required by R.C. 119.12, which we do not, the common pleas court still did not err by dismissing this matter upon finding the Swartzes failed to exhaust their administrative remedies. *See, e.g., Jain v. Ohio State Med. Bd.*, 10th Dist. Franklin No. 09AP-1180, 2010-Ohio-2855 (affirming dismissal of administrative appeal where appellant failed to exhaust her administrative remedies by failing to request a hearing under R.C. 119.07).

### Conclusion

{¶ 13} After reviewing the record in regards to the common pleas court's decision dismissing the Swartzes' administrative appeal, we find no error prejudicial to the Swartzes' rights in the proceedings below. Therefore, as we find no prejudicial error here, the

Swartzes' appeal is overruled and the common pleas court's decision is affirmed in its entirety.

{¶ 14} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.