The STATE of Ohio, Appellant,

v.

PAWELSKI, Appellee.

[Cite as State v. Pawelski, 178 Ohio App.3d 426, 2008-Ohio-5180.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22466.

Decided Oct. 3, 2008.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Mark J. Keller, Assistant Prosecuting Attorney, for appellant.

Douglas D. Brannon, for appellee.

DONOVAN, Judge.

{¶ 1} Pursuant to R.C. 2945.67(A), the state of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, General Division, which found defendant-appellee, John D. Pawelski, not guilty of the sole count in the indictment of carrying a concealed weapon in violation of R.C. 2923.12(A)(2). The trial court held that R.C. 4749.10 afforded Pawelski the right, as a licensed and on-duty security guard, to carry a concealed weapon. For the reasons below, the state's assigned error regarding the application of law is sustained; however, the judgment of acquittal is affirmed.

I

{¶ 2} Pawelski was indicted by a Montgomery County grand jury on February 13, 2007, for carrying a concealed weapon in violation of R.C. 2923.12(A)(2). Following a plea of not guilty entered by Pawelski, the matter proceeded to a bench trial on September 26, 2007. At the close of Pawelski's case in chief, he made a Crim.R. 29 motion for acquittal in which he argued that R.C. 4749.10 afforded him the right, as a licensed and on-duty security guard, to carry a concealed weapon. The trial court agreed with Pawelski's interpretation of the statute and sustained the motion for acquittal.

{¶ 3} In its merit brief, the state does not challenge Pawelski's acquittal. Rather, the state argues that a plain reading of R.C. 4749.10 demonstrates that the legislature did not intend the statute to permit a licensed security guard to carry a concealed weapon. In light of the authority vested in this court by R.C. 2945.67(A), we accept this matter for review.

II

{¶ 4} Initially, we note that Pawelski filed a motion to strike certain exhibits attached to the state's merit brief that Pawelski argues were not introduced into the record or as evidence before the trial court. After reviewing the exhibits contained in appendixes B and C of the state's appellate brief, we find that these documents were not introduced or otherwise proffered before the

trial court. Thus, we will not consider the exhibits in any of our determinations in regard to the instant appeal.

### III

{¶ 5} The state of Ohio's sole assignment of error is as follows:

{¶ 6} "The trial court erred when it found that R.C. 4749.10 permitted Pawelski to carry a concealed handgun."

{¶ 7} In its sole assignment of error, the state contends that the trial court erred when it held that R.C. 4749.10 afforded Pawelski the right, as a licensed and on-duty security guard, to carry a concealed weapon.

{¶ 8} As we recently held in *State v. Hensley* (Apr. 19, 2002), Montgomery App. No. 18886, 2002 WL 628626, *2–3:

{¶ 9} "The State may appeal in a criminal case only when a statute gives it express authority to do so. Ohio Constitution, Article IV, Section 3(B)(2); *State ex rel. Leis v. Kraft* (1984), 10 Ohio St.3d 34 [10 OBR 237, 460 N.E.2d 1372]; *State v. Rogers* (1996), 110 Ohio App.3d 106 [673 N.E.2d 666]. That authority for the State to appeal is set out in R.C. 2945.67, which provides in relevant part:

{¶ 10} " '(A) A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.'

{¶ 11} "A judgment of acquittal by the trial judge in a criminal case is a final verdict within the meaning of R.C. 2945.67(A), which is not appealable by the State either as a matter of right, or by leave to appeal. *State v. Keeton* (1985), 18 Ohio St.3d 379 [18 OBR 434, 481 N.E.2d 629]; *State ex rel. Yates v. Court of Appeals of Montgomery County* (1987), 32 Ohio St.3d 30 [512 N.E.2d 343]. In cases resulting in a judgment of acquittal, however, the prosecution may nevertheless appeal, by leave of court, evidentiary rulings and rulings on issues of law, because those rulings fall within the language of 'any other decision, except the final verdict,' in R.C. 2945.67(A). *State v. Arnett* (1986), 22 Ohio St.3d 186 [22 OBR 272, 489 N.E.2d 284]; *State v. Bistricky* (1990), 51 Ohio St.3d 157 [555 N.E.2d 644]. However, because appeals from such rulings do not fall within one of the four categories where the State is granted an appeal as of right by R.C. 2945.67, in order to prosecute such appeals the State must obtain leave of the

appellate court, follow the procedures outlined in *State v. Wallace* (1975), 43 Ohio St.2d 1 [72 O.O.2d 1, 330 N.E.2d 697], and comply with App.R. 5. *Bistricky, supra; State v. Perroni* (June 26, 1998), Lake App. No. 96–L–107 [1998 WL 553005], unreported; R.C. 2945.67(A)."

{¶ 12} We granted the state leave to file an appeal of the trial court's interpretation of R.C. 4749.10 on January 7, 2008.

{¶ 13} We now look to the statutes in question in order to determine the validity of the state's argument. Pawelski was initially indicted under R.C. 2923.12, which states:

{¶ 14} "(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:

{¶ 15} " * * *

{¶ 16} "(2) A handgun other than a dangerous ordnance * * *."

{¶ 17} At trial, Pawelski argued that R.C. 4749.10 permitted security guards to carry concealed weapons while in the course and scope of their employment. The trial court agreed with Pawelski's argument, stating that it had "considered [R.C.] 4749.10, and that the only way that this statute makes any sense is that a private security guard may obtain the license to carry concealed under either division A or division C of that statute." The trial court went on to find that Pawelski was "immune from prosecution under [R.C.] 2923.12 because the more specific statute, [R.C.] 4749.10, would prevail."

{¶ 18} The trial court also relied on a portion of Justice O'Connor's concurring-in-judgment-only opinion in *Cincinnati v. Baskin,* 112 Ohio St.3d 279, 2006-Ohio-6422, 859 N.E.2d 514, to support its finding that R.C. 4749.10 permitted an on-duty security guard to carry a concealed weapon. The portion of Justice O'Connor's concurring opinion, which the trial court identified as "dicta," states as follows:

{¶ 19} "R.C. 2923.12 generally prohibits a person from carrying or having a concealed handgun unless the person has obtained the proper permit. The license to carry a concealed handgun is governed by R.C. 109.69, 109.731, 311.41, 2923.124 through 2923.1213, and 5122.311, *and various other statutes concern allowances for law enforcement and certain other professions to carry concealed weapons. See, e.g., R.C. 4749.10 (certain employees of licensed private investigators and security services),* R.C. 5502.14(C) (Department of Public Safety food-stamp undercover enforcement agents), and R.C. 5743.45 (investigative employees of the Department of Taxation)." (Emphasis added.) *Baskin* at ¶ 52, fn. 17.

{¶ 20} Pawelski contends that in light of the "dicta" contained in footnote 17 of Justice O'Connor's opinion, security guards are clearly permitted to carry con-

cealed weapons by virtue of the language contained in R.C. 4749.10. Additionally, Pawelski argues that if we were to hold that R.C. 4749.10 does not permit security guards to carry concealed weapons, we would have to declare R.C. 2923.12 unconstitutional for a litany of reasons, including that the statute lacks affirmative defenses, is unconstitutionally vague, and violates Pawelski's First, Second, Fourth, and Fourteenth Amendment rights. Pawelski asserts that security guards will not be able to perform their professional duties if they are not allowed to carry concealed weapons under R.C. 4749.10.

{¶ 21} On the other hand, the state argues that it is apparent from the plain language of R.C. 4749.10 that the legislature did not intend to provide licensed, on-duty security guards the right to carry concealed weapons. The primary goal in statutory interpretation is to give effect to the intent of the legislature. *Christe v. GMS Mgt. Co., Inc.* (2000), 88 Ohio St.3d 376, 377, 726 N.E.2d 497. Intent is understood by studying the plain language of the statute. *In re Adoption of Coppersmith* (2001), 145 Ohio App.3d 141, 147, 761 N.E.2d 1163. Words should be given their ordinary meaning. Id. If the language of the statute in question is clear and definite, we must apply the statute as it is written. Id., citing *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 741 N.E.2d 121.

{¶ 22} R.C. 4749.10(A) and (B) set forth the procedures under which a security guard may obtain the appropriate licensing to carry a gun. Sections (A) and (B) are silent regarding any mention of concealed weapons or whether a properly licensed security guard is entitled to carry one in a concealed fashion. Those sections of R.C. 4749.10 simply provide instruction regarding the procedure a security guard must follow in order to acquire a permit to carry a weapon.

{¶ 23} R.C. 4749.10(C), however, states:

{¶ 24} "Nothing in this section prohibits a private investigator or a security guard provider from carrying a concealed handgun *if the private investigator or security guard provider complies with sections 2923.124 to 2923.1213 of the Revised Code.*" (Emphasis added.)

{¶ 25} One of the statutes that fall between those enumerated in R.C. 4749.10(C) is R.C. 2923.125, which specifically sets out the eligibility requirements and procedures one must follow to receive a permit to carry a concealed weapon. Thus, a plain reading of R.C. 4749.10(C) reveals that the legislature did not intend to permit a security guard to carry a concealed weapon unless he or she takes the additional step under R.C. 2923.125 of obtaining a concealed-carry permit. R.C. 4749.10 only provides a security guard the right to carry a firearm providing that the firearm is properly displayed and not concealed. Licensed

security guards are only permitted to carry a concealed weapon if they obtain a concealed-carry permit. R.C. 4749.10(C), 2923.125.

{¶ 26} Lastly, the legislature adopted R.C. 4749.08, which clearly states that "[n]othing in this chapter shall be construed as granting the right to carry a concealed weapon." In light of the foregoing analysis, we find that the plain language contained in R.C. 4749.10(C) and 4749.08 mandate the conclusion that R.C. 4749.10 does not entitle a licensed, on-duty security guard to carry a concealed weapon. In order to carry a concealed weapon, a security guard must obtain a concealed-carry permit under R.C. 2923.125 in addition to the license that must be obtained under R.C. 4749.10 in order to simply carry a displayed firearm. Thus, the trial court erred when it held that R.C. 4749.10 permitted a licensed, on-duty security guard to carry a concealed weapon.

{¶ 27} The state's sole assignment of error is sustained.

## IV

{¶ 28} We therefore reverse the trial court's erroneous legal interpretation and hold that R.C. 4749.10 does not entitle a licensed, on-duty security guard to carry a concealed weapon. Notwithstanding the trial court's erroneous application of law, the acquittal of this defendant is affirmed inasmuch as he cannot be twice put in jeopardy. *State v. Hensley* (2002), Montgomery App. No. 18886, 2002 WL 628626.

Judgment affirmed.

WOLFF, P.J., and FAIN, J., concur.