[Cite as *Friedman v. McClelland*, 2012-Ohio-1538.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97036**

---

# ALEXANDER FRIEDMAN

PLAINTIFF-APPELLANT

vs.

# DAN MCCLELLAND,
# GEAUGA COUNTY SHERIFF

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-744515

**BEFORE:** Stewart, P.J., Sweeney, J., and Cooney, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**ATTORNEY FOR APPELLANT**

Charles B. Lazzaro
1565 Woodrow Avenue
Mayfield Heights, OH    44124


**ATTORNEYS FOR APPELLEE**

David P. Joyce
Geauga County Prosecutor

BY:    Bridey Matheney
Assistant County Prosecutor
231 Main Street, Suite 3A
Chardon, OH    44024

MELODY J. STEWART, P.J.:

{¶1} Plaintiff-appellant Alexander Friedman appeals from the trial court's dismissal of his administrative appeal from the denial of his application for a license to carry a concealed handgun. He complains that defendant-appellee Geauga County Sheriff Dan McClelland's interpretation of Ohio's concealed carry statute creates an unnecessary conflict between, and is contrary to, state and federal law, and thereby prejudices his right to obtain a license. We affirm the judgment of the trial court.

{¶2} Friedman applied for a license to carry a concealed handgun in Geauga County on October 19, 2010. Sheriff McClelland denied his application on December 14, 2010, and stated that Friedman had been "[d]isqualified by background check * * * results of criminal records check: domestic violence 2005, 2007." The denial notice also contained language informing Friedman that "[y]ou may appeal this decision to the Geauga County Common Please [sic] Court, or the Common Please [sic] Court of your county, pursuant to ORC section 119.12 * * *."

{¶3} Friedman, a resident of Beachwood, timely filed a notice of appeal in the General Division of Cuyahoga County Court of Common Pleas pursuant to R.C. 119.12. McClelland filed a motion to dismiss the appeal on the grounds that federal and state law prohibited issuance of the license to Friedman. After hearing oral arguments on the motion, the trial court granted McClelland's motion to dismiss.

{¶4} Ohio courts of common pleas have jurisdiction "and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article IV, Section 4(B); *see, e.g., Adams Robinson Ent. v. Envirologix Corp.,* 111 Ohio App.3d 426, 430, 676 N.E.2d 560 (2d Dist.1996) ("subject matter jurisdiction of Ohio's courts is governed by the Ohio Constitution and state statutes"). "Subject matter jurisdiction is the power of a tribunal to hear and decide cases upon their merits * * * [and] is a condition precedent to the court's ability to hear the case." *Turner v. Ohio Dept. of Rehab. & Corr.*, 180 Ohio App.3d 86, 2008-Ohio-6608, 904 N.E.2d 566, ¶ 9 (10th Dist.). A court having general subject matter jurisdiction possesses the initial authority to determine its own jurisdiction over the subject matter absent a patent and unambiguous lack of jurisdiction. *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 656, 646 N.E.2d 1110 (1995).

{¶5} Friedman initiated his appeal of the administrative order denying his application for a concealed carry license in Cuyahoga County pursuant to the provisions of R.C. 119.12, which states in pertinent part, that:

> [a]ny party adversely affected by any order of an agency issued pursuant to an adjudication denying the applicant * * * the issuance of * * * a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident * * *.

**{¶6}** Compliance with the provisions of R.C. 119.12 concerning the filing of the notice of appeal, the time and place of filing, and the content of the notice as specified in the statute are all conditions precedent to jurisdiction. *Williams v. Drabik*, 115 Ohio App.3d 295, 296, 685 N.E.2d 293 (10th Dist.1996), citing *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 127, 84 N.E.2d 746 (1949). However,"[i]f the venue provisions of R.C. 119.12 conflict with another statute, the court will examine both statutes carefully to determine which controls." Painter & Pollis, *Baldwin's Ohio Appellate Practice*, Section 9.24, at 270 (2011-2012 Ed.)

**{¶7}** The General Assembly enacted Am.Sub.H.B. No. 12 in January 2004. The bill created a licensing procedure for handgun owners in Ohio and became effective in April 2004. R.C. 2923.125 governs applications to carry a concealed handgun and "specifically sets out the eligibility requirements and procedures one must follow to receive a permit * * *." *State v. Pawelski*, 178 Ohio App.3d 426, 2008-Ohio-5180, 898 N.E.2d 85, ¶ 25 (2d Dist.).

**{¶8}** Well-established principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes. R.C. 1.51 states that:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

**{¶9}** In the instant case, Friedman, after being denied the issuance of a license to carry a concealed handgun, received erroneous information in the denial notice from McClelland informing him that he had a choice of forums in which to pursue his appeal; namely, Cuyahoga County or Geauga County. R.C. 2923.125 designates a statutorily-specified county for appeal, and unequivocally instructs an appellant who is denied a license to carry a concealed handgun to "appeal the denial pursuant to section 119.12 of the Revised Code *in the county served by the sheriff who denied the application.*" R.C. 2923.125(D)(2)(b).

**{¶10}** It is clear that the intent of the legislature was to require persons appealing the denial of a license to carry a concealed handgun to file an appeal in the county where the application was denied. Geauga County is the proper forum for Friedman to pursue his appeal. Therefore, the trial court did not err when it dismissed this case, even if the dismissal was for other reasons.

**{¶11}** Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
COLLEEN CONWAY COONEY, J., CONCUR