[Cite as *Friedman v. McClelland*, 2013-Ohio-4288.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| ALEXANDER FRIEDMAN, | : | **O P I N I O N** |
| Appellant, | : | |
| - vs - | : | CASE NO. 2012-G-3096 |
| DAN MCCLELLAND, | : | |
| GEAUGA COUNTY SHERIFF, | : | |
| Appellee. | : | |

Administrative Appeal from the Geauga County Court of Common Pleas, Case No. 12A000458.

Judgment: Reversed and remanded.

*Charles R. Lazzaro*, 1565 Woodrow Avenue, Mayfield Heights, OH 44124 (For Appellant).

*David P. Joyce*, Geauga County Prosecutor, and *Bridey Matheney*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Appellee).

THOMAS R. WRIGHT, J.

{¶1} This case involves an administrative appeal pursuant to R.C. 119.12, which governs appeals by parties adversely affected by any order of an agency denying the issuance or renewal of a license. The underlying matter arises from appellant, Alexander Friedman's, application pursuant to R.C. 2923.125 requesting that appellee, Dan McClelland, Geauga County Sheriff, issue him a license to carry a concealed handgun. Appellant challenges the denial of his application, specifically, the trial court's

decision that it did not have jurisdiction pursuant to R.C. 119.12 to consider the matter on appeal.

{¶2} Because dates are at issue in this matter, we include them in our recitation of the facts where applicable. Appellant submitted an application for a license to carry a concealed handgun to appellee on October 19, 2010. Appellee denied that application on December 14, 2010, citing appellant's two misdemeanor convictions for domestic violence as a reason for the denial. Appellee's order denying appellant's application stated:

{¶3} "You may appeal this decision to the Geauga County Common Please (sic) Court, or the Common Please (sic) Court of your county, pursuant to ORC section 119.12, by filing such appeal within 14 days of receipt of this notice."

{¶4} Appellant lived in Beachwood, Ohio at the time he received appellee's notice of denial. Relying on the instructions stated in appellee's order, appellant timely appealed to the Cuyahoga County Court of Common Pleas, the common pleas court of his residence. On June 14, 2011, the Cuyahoga County Court of Common Pleas granted appellee's motion to dismiss. Thereafter, appellant filed an appeal to the Eighth District Court of Appeals. Following submission of briefs and oral argument, on April 5, 2012, the Eighth District affirmed the trial court's decision, and held that it did not have jurisdiction to hear appellant's appeal.

{¶5} On May 10, 2012, almost 17 months after appellant's application for a license to carry a handgun was initially denied by appellee, appellant filed a second notice of appeal from that order of denial in the Geauga County Court of Common Pleas, arguing that he should be entitled to file his appeal on an untimely basis due to

2

excusable neglect pursuant to Civ. R. 6(B)(Time; extension). Appellant argued that he was simply following the misleading and inaccurate notice contained in the order issued by appellee when he filed his appeal in Cuyahoga County, his county of residence, and therefore, his appeal period had not yet begun to run. The Geauga County Court of Common Pleas dismissed appellant's appeal because it was not timely filed in accordance with R.C. 119.12, stating that appellant's untimely filing divested it of jurisdiction to hear appellant's case.

{¶6} R.C. 119.12 states in pertinent part as follows:

{¶7} "Any party adversely affected by any order of any agency issued pursuant to an adjudication denying an applicant * * * the issuance or renewal of a license or registration of a licensee, or revoking or suspending a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident. * * * If any party appealing from the order is not a resident of and has no place of business in this state, the party may appeal to the court of common pleas of Franklin county.

{¶8} " * * *.

{¶9} "Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

{¶10} In dismissing appellant's appeal, the trial court reasoned as follows:

{¶11} "This Court is of the opinion that the issue of whether Mr. Friedman's delayed filing was the result of excusable neglect has no bearing on whether the appeal before this Court should be dismissed or permitted to go forward.

3

{¶12} "R.C. 119.12 is jurisdictional; that is, the statute contains the provisions which must be met to invoke the jurisdiction of the court. In order to perfect an appeal from an administrative body, a notice of appeal must be filed with the agency issuing the decision being appealed. A copy of the notice of appeal must also be filed with the appropriate Court of Common Pleas. * * * Although R.C. 119.12 allows the filing of appeals in counties of residence in many instances, in the case of an appeal from the denial of a permit to carry a concealed handgun, the notice of appeal *must* be filed in the county * * * served by the Sheriff who denied the application. *See* R.C. 2923.125(D)(2)(b)."

{¶13} Appellant timely appeals from that judgment and raises the following assignments of error for our review:

{¶14} "[1.] The trial court erred in dismissing appellant's administrative appeal for lack of subject matter jurisdiction.

{¶15} "[2.] The trial court erred to the prejudice of appellant in failing to determine that appellee's administrative order is misleading and deficient because it does not comply with the procedural requirements of the statute, so as to deprive appellant due process of law.

{¶16} "[3.] The trial court erred to the prejudice of appellant in failing to determine appellee is equitably estopped from asserting lack of subject matter jurisdiction.

{¶17} "[4.] The trial court erred in dismissing appellant's administrative appeal."

{¶18} Because the second assignment of error is dispositive of this matter, we confine our analysis to the issue raised in that assignment of error. Under his second

4

assignment of error, appellant contends that appellee's original notice of denial failed to strictly comply with the predicate procedural requirements of R.C. 119.09, and as a result, the trial court's jurisdiction was not properly invoked, and therefore, the appeal period prescribed in R.C. 119.12 did not commence.

{¶19} R.C. 119.09 governs adjudication hearings, and explains how an agency must notify a party affected by an administrative order. It requires an agency, after it enters a final order on its journal to "serve by certified mail, return receipt requested, upon the party affected thereby, a certified copy of the order and a statement of the time *and method* by which an appeal may be perfected. * * *." (Emphasis added.) Appellant argues that it is not tenable for the trial court to disallow invocation of its jurisdiction when the jurisdictional defect is the result of misleading and inaccurate information contained in appellee's notice regarding the method by which the appeal could be perfected. For the reasons that follow, we agree.

{¶20} "An appellate court's review of an administrative decision is more limited than that of the court of common pleas. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621 * * *. [An appellate court] review[s] to determine whether the court of common pleas abused its discretion in determining whether substantial, reliable, and probative evidence supports the agency's order. *Roy v. Ohio State Med. Bd.* (1992), 90 Ohio App. 3d 675, 680 * * *. We conduct a plenary review of issues of law. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343 ." *Calo v. Ohio Real Estate Commission*, 10th Dist. Franklin No. 10AP-595, 2011-Ohio-2413, ¶11.

{¶21} The controlling law on this subject was set forth by the Supreme Court of Ohio in *Hughes v. Ohio Dept. of Commerce, Div. of Fin. Institutions,* 114 Ohio St.3d 47, 2007-Ohio-2877. In *Hughes*, the Court stated that:

{¶22} "[T]he procedural requirements of R.C. § 119.09 are a condition precedent to the running of the 15-day appeal period. * * * " *Id.* at ¶10. The Court in *Hughes* held that "an administrative agency must strictly comply with the procedural requirements of R.C. §119.09 for serving a final order of adjudication upon the party affected by it before the 15-day appeal period prescribed in R.C. 119.12 commences." *Hughes,* at ¶12-13. "Compliance with that statutory provision is a procedural prerequisite to triggering the 15-day appeal period." *Calo*, at ¶24, citing *Hughes*, at paragraph one of the syllabus. "The affected party who desires to appeal the order then must file a notice of appeal with the agency and the court 'within fifteen days after the mailing of the notice of the agency's order.'" *Id.*, at ¶15. Thus, in order to properly perfect an administrative appeal, the parties must strictly adhere to the filing requirements of R.C. 119.12.

{¶23} Furthermore, regarding the content of the agency notice under R.C. 119.09, it must track the language of the statute, state the correct filing procedure, and cannot be misleading or ambiguous. *See Hughes,* at ¶16. Accordingly, the content of appellee's order denying appellant's handgun license application is a preliminary issue that must be analyzed before concluding whether appellant's notice of appeal from that order was timely, and therefore, subject to the jurisdiction of the trial court.

{¶24} As a threshold matter, we note that appellee contends appellant did not raise this argument nor cite to *Hughes* before the trial court, and as such, forfeits this issue for appellate purposes. Our review of appellant's reply brief submitted in

6

response to appellee's motion to dismiss indicates otherwise. *See* Appellant's Reply Brief (T.d. 5., p. 2-3) which contains appellant's argument under *Hughes* regarding appellee's failure to state the correct method and time for perfecting an appeal. Further, appellant specifically requested an order directing appellee to either grant his appeal or to reissue the order to him, removing the "erroneous and misleading procedural instructions."

{¶25} As noted above, appellee's order instructed appellant that he could file a notice of appeal in either his county of residence or the Geauga County Court of Common Pleas within 14 days of receipt of the notice. We conclude that appellee's notice stated the incorrect filing procedure and was, therefore, misleading, in violation of R.C. 119.09. In fact, the notice should have informed appellant to file with both the agency and the court within 15 days.

{¶26} As the trial court noted in its judgment entry, the General Assembly has carved out a specific statute governing licensing procedures for handgun owners. R.C. 2923.12.5 governs applications to carry a concealed handgun and "specifically sets out the eligibility requirements and procedures one must follow to receive a permit * * *." *State v. Pawelski*, 178 Ohio App.3d 426, 2008-Ohio-5180, ¶25. Well-established principles of statutory construction dictate that specific statutory provisions prevail over conflicting general statutes. R.C. 1.51. Thus, we examine the language of R.C. 2923.12.5 for guidance as to the procedures that must be followed in appealing the denial of an application to carry a concealed handgun.

{¶27} R.C. 2923.125(D)(2)(b) designates a statutorily-specified county for appeal. R.C. 2923.125 instructs an appellant who is denied a license to carry a

7

concealed handgun to "appeal the denial pursuant to section 119.12 of the Revised Code *in the county served by the sheriff who denied the application.*" It is clear by this specific language that the intent of the legislature was to require persons appealing the denial of a license to carry a concealed handgun to file an appeal in the county where the application was denied, which in this case, was Geauga County. However, appellee's order erroneously gave appellant the option of filing an appeal in his county of residence. Furthermore, though not a defect specifically applicable to appellant's case, appellee's notice incorrectly stated that the appeal period would begin to run "within 14 days after appellant's receipt of this notice." In fact, as previously noted, the language of R.C. 119.12 dictates that the appeal must be filed within 15 days of the mailing of the agency's notice.

{¶28} Based on the foregoing, we conclude that appellee's notice of denial was misleading, and therefore, not in compliance with the requirements of R.C. 119.12 as set forth in R.C. 119.09. Since appellee failed to properly notify appellant of the proper method for filing an appeal, appellant's appeal period never started to run.

{¶29} Accordingly, appellant's second assignment has merit and we reverse the judgment of the Geauga County Court of Common Pleas and remand this matter for the court's consideration of appellant's notice of appeal in accordance with this opinion. The remaining assignments are moot.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

8