[Cite as *Anguiano v. Ohio Dept. of Edn.*, 2014-Ohio-2810.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE   COUNTY**

| | | |
|---|---|---|
| SANTIAGO R. ANGUIANO | : | |
| | : | Appellate Case No. 2014-CA-2 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CV-689 |
| v. | : | |
| | : | |
| OHIO DEPARTMENT OF EDUCATION | : | (Civil Appeal from |
| | : |  Darke County Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of June, 2014.

. . . . . . . . . . .

JAMES S. DETLING, Atty. Reg. #0042728, Detling, Baker & Flichman, Ltd., 421 Public Square, Greenville, Ohio 45331
        Attorney for Plaintiff-Appellee

JENNIFER BONDURANT, Atty. Reg. #0079384, Office of the Ohio Attorney General, Education Section, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}     The Ohio Department of Education appeals a trial court's judgment that reverses

and vacates the State Board of Education's decision denying Santiago Anguiano's application for

a pupil activity permit. We reverse.

## I. FACTS

{¶ 2} In July 2013, the Ohio Department of Education's Office of Professional Conduct sent the superintendent of Mississinawa Valley Schools a letter saying in part: "Recently, our office received allegations that Santiago (Jim) R. Anguiano may have engaged in conduct unbecoming to the teaching profession. After a thorough review of the facts in this case, the State Board initiated disciplinary action against Mr. Anguiano's credentials. A copy of the notice of the State Board's intended action is attached for your review." The intended-action notice tells Anguiano that the State Board of Education intends to determine whether to deny or permanently deny his pending application for a three-year pupil activity permit. The notice further says that Anguiano is entitled to a hearing, which he must request. If he does not request a hearing, says the notice, the State Board may make its decision in his absence. The reasons given in the notice for the possible denial were multiple criminal convictions.[1] The most recent were in 2003 when Anguiano was convicted of a felony level driving while under the influence, and, in a separate case, of domestic violence–an offense of violence.[2]

{¶ 3} At a State Board of Education meeting in October 2013, the Director of the Office of Professional Conduct, Lori M. Kelly, submitted an affidavit that lists all of Anguiano's convictions, states that Anguiano was notified via certified mail of the State Board's intent to deny his pending application and of his right to request a hearing, and states that Anguiano did not request a hearing. The Director recommended that the Board adopt a resolution that denies

---

[1] Anguiano's multiple convictions were supported by certified court documents in the administrative record.

[2] The definition of "offense of violence" in R.C. 2901.01(A)(9) includes a violation of the domestic-violence statute, R.C. 2919.25.

Anguiano's pupil-activity-permit application and orders that he is permanently ineligible to apply for any license issued by the Board. The rationale given is that "Mr. Anguiano is not eligible for licensure by the State Board of Education since he cannot meet the rehabilitation criteria established by Rule 3301-20-01 of the Ohio Administrative Code because he has been convicted of a felony offense and a violent offense." The Board approved the recommendation.

{¶ 4} Anguiano appealed the Board's decision pro se to the Darke County Court of Common Pleas. His appeal takes the form of a letter to the trial judge explaining why he believes that he has been rehabilitated, that the offenses occurred long ago, and the decision of the Board was wrong. On December 26, 2013, without holding a hearing, the trial court reversed and vacated the Board's decision.[3]

{¶ 5} The Board appealed to this Court.

## II. ANALYSIS

{¶ 6} "Under R.C. 119.12, when a decision of a state board is appealed, a court of common pleas must decide whether the board's order was 'supported by reliable, probative, and substantial evidence and is in accordance with law.'" *Spitznagel v. State Bd. of Edn.*, 126 Ohio St.3d 174, 2010-Ohio-2715, 931 N.E.2d 1061, ¶ 14, quoting R.C. 119.12. "An appellate court's review is more limited than that of the trial court. In reviewing the trial court's determination on whether the order was supported by reliable, probative, and substantial evidence, the appellate court is limited to determining whether the trial court abused its discretion." *Robinson v. Ohio Dept. of Edn.*, 2012-Ohio-1982, 971 N.E.2d 977, ¶ 14 (2d Dist.), citing *Rossford Exempted*

---

[3] On January 22, 2014, the court issued a nunc pro tunc decision that leaves out the original decision's first paragraph, which the trial judge said applied to a different case.

*Village School Dist. Bd. of Edn. v. State Bd. of Edn.*, 63 Ohio St.3d 705, 707, 590 N.E.2d 1240 (1992). But issues of law the appellate court reviews de novo. *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, 897 N.E.2d 1096, ¶ 43 ("An appellate court's scope of review on issues of law is plenary * * *.").

{¶ 7} The first assignment of error alleges that the trial court erred in its interpretation of R.C. 3319.31 and former Ohio Adm.Code 3301-20-01[4]. Section 3319.31 provides that the State Board of Education "may refuse to issue a license to an applicant" for reasons that include:

* * *

(2) A plea of guilty to, a finding of guilt by a jury or court of, or a conviction of any of the following:

(a) A felony other than a felony listed in division (C) of this section;

(b) An offense of violence other than an offense of violence listed in division (C) of this section[.]

* * *

R.C. 3319.31(B). Rule 3301-20-01, though, allows the Board to issue a license to an individual with certain criminal convictions who satisfies the rule's "rehabilitation criteria." Former Ohio Adm.Code 3301-20-01(E).

{¶ 8} The trial court here based its decision on the Board's failure to consider whether Anguiano satisfied the rehabilitation criteria. For his felony conviction Anguiano was given community control. The court noted in particular that the Board failed to consider his possible rehabilitation through completion of the community-control conditions:

[4]Amendments to this administrative rule went into effect on March 27, 2014, after the State Board of Education made its decision.

In this case, the record demonstrates that the Appellant was given a discretionary suspension for a non-specified felony offense as permitted by R.C. 3319.31(B).[5] Although a part of its administrative records used to make its decision, the transcript is clear that there was no accounting by the Appellee for the rehabilitation by the Appellant as a part of his successfully completing community control sanctions. (See affidavit of Lori M. Kelly dated September 20, 2013 and the absence of any analysis by the Appellee of the Appellant's completed rehabilitation.) The Appellee merely made a summary conclusion that "Mr. Anguiano is not eligible for licensure by the State Board of Education since he cannot meet rehabilitation criteria... because he has been convicted of a felony offense…"

The Court finds that Appellee's conclusion that Appellant had not been rehabilitated is clearly contrary to the facts available to the Department of Education. Therefore, the decision of the Ohio Department of Education was not based upon a "preponderance of substantial, reliable and probative evidence." Id. Further, the Court finds that Appellee's erroneous conclusion demonstrates its failure to follow administrative requirements to consider whether the Appellant had been rehabilitated. The Decision of the Ohio Department of Education was clearly contrary to law for not following administrative requirements.

Decision & Judgment Entry, 3-4 (Dec. 26, 2013).

---

[5]The administrative record clearly shows that the State Board refused to issue Anguiano a license. The trial court says the felony was "non-specified." We take that to mean that it was not one of the enumerated offenses in R.C. 3319.31(C) which are an "abosolute bar" to acquiring a license.

{¶ 9}   What the trial court did not recognize is that Anguiano cannot, as a matter of law, satisfy the rule's rehabilitation criteria. One criterion is that the applicant is not a repeat offender, that is, the applicant has not been convicted of any R.C. 3319.31 offenses "two or more times in separate criminal actions." Former Ohio Adm.Code 3301-20-01(E)(2)(c). He cannot satisfy this criterion because it is undisputed that, in separate actions, he was convicted of a felony (driving while under the influence), listed in R.C. 3319.31(B)(2)(a), and of an offense of violence (domestic violence), listed in R.C. 3319.31(B)(2)(b). We remarkably note that Anguiano appears to have become a productive, concerned citizen. However, as a matter of law, Anguiano cannot satisfy the repeat-offender criterion.

{¶ 10}   Given that the trial court's decision rests entirely on its conclusion that the State Board of Education failed to consider whether Anguiano satisfied the rehabilitation criteria, and given that Anguiano cannot satisfy the rehabilitation criteria as a matter of law, the trial court erred by reversing and vacating the Board's decision.

{¶ 11}   The first assignment of error is sustained.

{¶ 12}   The second and third assignments of error are overruled as moot. The second alleges that the trial court erred by substituting its judgment for that of the Board, and the third alleges that the trial court erred by considering the evidence contained in Anguiano's letter to the trial judge attached to his notice of appeal. Our ruling on the first assignment of error makes these two assignments of error moot, so we need not (and will not) consider them. App.R. 12(A)(1)(c).

{¶ 13}   The trial court's judgment is reversed, reinstating the State Board of Education's decision.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.




Copies mailed to:

James S. Detling
Jennifer Bondurant
Hon. Jonathan P. Hein