[Cite as *Fenton v. Fischer*, 2017-Ohio-7746.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| EVERETT L. FENTON | : | |
| | : | |
| *Plaintiff-Appellant* | : | Appellate Case No. 2017-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2016-CV-169 |
| | : | |
| SHERIFF GENE C. FISCHER, in his | : | (Civil Appeal from |
| capacity as Sheriff of Greene County | : | Common Pleas Court) |
| | : | |
| *Defendant-Appellee* | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of September, 2017.

. . . . . . . . . . .

STEPHEN D. BEHNKE, Atty. Reg. No. 0072805, 865 South Dixie Drive, Vandalia, Ohio 45377
     Attorney for Plaintiff-Appellant

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Greene County Prosecuting Attorney, 61 Greene Street, Xenia, Ohio 45385
     Attorney for Defendant-Appellee

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Everett Fenton appeals from a judgment of the Greene County Common Pleas Court affirming a decision of the Greene County Sheriff to deny his application for a license to carry a concealed weapon. He contends that the denial of the license is contrary to law because it is based on an erroneous interpretation of the concealed handgun legislation.

{¶ 2} We conclude that the relevant statute, R.C. 2923.125, does not require the denial of Fenton's license application. Accordingly, the judgment of the common pleas court is reversed.

## I. Facts and Procedural History

{¶ 3} On February 8, 2016, Fenton submitted to the Greene County Sheriff's Office an application for a license to carry a concealed handgun pursuant to R.C. 2923.125. In the application, Fenton denied any prior conviction for any offense set forth in R.C. Chapter 2925 involving the possession of a drug of abuse. However, a criminal records check revealed that in 1999 Fenton was convicted in Georgia of possession of marijuana in an amount less than one ounce. Georgia law classified the offense as a misdemeanor.

{¶ 4} On February 29, 2016, Greene County Sheriff Gene Fischer notified Fenton that his application had been denied on the grounds that Fenton was disqualified from obtaining a license by his prior Georgia conviction. Fenton filed an administrative appeal in the common pleas court pursuant to R.C. 119.12.

{¶ 5} On December 30, 2016, the common pleas court affirmed Fischer's decision

finding that Fenton had been convicted of an offense that precluded the issuance of a license.   This appeal follows.

## II. Standard of Review

{¶ 6} This court, in *Salgado v. Montgomery Cty. Sheriff*, 2d Dist. Montgomery Nos. 26502 and 26572, 2015-Ohio-3387, set forth the standard for review to be utilized in administrative appeals regarding concealed handgun licensure:

> Pursuant to R.C. 2923.125(D)(2)(b), a decision of a county sheriff to deny an application for a concealed handgun license is appealable under R.C. 119.12 to the common pleas court.   R.C. 119.12 provides the standard of review for the common pleas court:
>
>> The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law.   In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
>
> As discussed by the Supreme Court of Ohio in *Bartchy v. State Bd. of Edn.,* 120 Ohio St.3d 205, 2008–Ohio–4826, 897 N.E.2d 1096, ¶ 37, a review by the common pleas court of an administrative agency decision

requires a factual inquiry and a legal inquiry.   Both the common pleas court and the appellate court must give deference to the agency's resolution of any evidentiary conflicts, and factual findings are presumed to be correct, absent an abuse of discretion.   *Id.*   However, questions of law must be reviewed de novo to determine whether the administrative order is in accordance with law.   *Anguiano v. Ohio Dept. of Edn.*, 2d Dist. Darke No. 2014–CA–2, 2014–Ohio–2810, ¶ 6, citing *Bartchy*, *supra*.   The case before us requires a determination whether the trial court properly interpreted and applied the statutory qualifications for obtaining a concealed handgun license.   "The interpretation of a statute involves a purely legal question. Thus, we conduct a de novo review of a trial court's judgment interpreting a statute and afford no deference to the trial court's interpretation of a statute." *Washington Cty. Home v. Ohio Dept. of Health*, 178 Ohio App.3d 78, 2008–Ohio–4342, 896 N.E.2d 1011, ¶ 27 (4th Dist.).

*Id.* at ¶ 8-9.


## III. Analysis

**{¶ 7}** Fenton's sole assignment of error states as follows:

THE LOWER COURT ERRED BY UPHOLDING THE SHERIFF'S DENIAL OF MR. FENTON'S CHL BECAUSE HIS CONVICTION UNDER O.G.C.A. 16-13-2(b) IS THE EQUIVALENT OF A MINOR MISDEMEANOR UNDER OHIO LAW, AND THEREFORE IS NOT A PROHIBITING CONVICTION.

{¶ 8} Fenton contends that the trial court erred in affirming Fischer's decision.   In support, he notes that while the applicable Georgia statute makes possession of one ounce of marijuana a misdemeanor offense, Ohio labels the same offense as a minor misdemeanor.   Thus, he argues that the Georgia offense should not have been considered because R.C. 2923.125(D)(5) prohibits the consideration of a minor misdemeanor in making a handgun licensure determination.

{¶ 9} In 2004, the Ohio General Assembly enacted Am.Sub.H.B. No. 12 which established a licensing procedure for handgun owners in Ohio.   R.C. 2923.125 governs applications to carry a concealed handgun and "specifically sets out the eligibility requirements and procedures one must follow to receive a permit * * *."   *State v. Pawelski*, 178 Ohio App.3d 426, 2008–Ohio–5180, 898 N.E.2d 85, ¶ 25 (2d Dist.).

{¶ 10} Of relevance hereto, R.C. 2923.125(D)(1)(e) directs the sheriff to deny a license if the applicant has "been convicted of or pleaded guilty to a felony or an offense under Chapter 2925., 3719., or 4729. of the Revised Code that involves the illegal possession, use, sale, administration, or distribution of or trafficking in a drug of abuse; * * * [or] any other offense that is not previously described in this division that is a misdemeanor punishable by imprisonment for a term exceeding one year."[1]   Offenses classified as minor misdemeanors cannot be considered when making a concealed handgun licensure determination.   R.C. 2923.125(D)(5).

{¶ 11} Fenton was convicted of possession of marijuana in violation of Ga. Code Ann., Section 16-13-2(b) which states:

---

[1] Marijuana is a "drug of abuse."   R.C. 2925.01(B); R.C. 3719.011(A); R.C. 3719.01(C); R.C. 3719.41(C)(19).

Notwithstanding any law to the contrary, any person who is charged with possession of marijuana, which possession is of one ounce or less, shall be guilty of a misdemeanor and punished by imprisonment for a period not to exceed 12 months or a fine not to exceed $1,000.00, or both, or public works not to exceed 12 months.

{¶ 12} In Ohio, possession of marijuana in an amount less than 100 grams constitutes a minor misdemeanor. R.C. 2925.11(C)(3)(a) and (b). As noted by Fenton, an ounce is the equivalent of 28.349 grams. Thus, in Ohio, Fenton would have been charged with a minor misdemeanor.[2]

{¶ 13} The question raised in this appeal is whether an offense charged as a misdemeanor in another state, but defined as a minor misdemeanor in Ohio, can be used to disqualify an applicant under R.C. 2923.125. The statute does not explicitly address this issue.

{¶ 14} Neither party has cited, nor have we found, any caselaw on point. However, we have reviewed cases dealing with the application of the laws of other states to the laws of Ohio. For example, with regard to sex offender registration, the legislature has stated that an out of state sexually oriented offense subject to registration must be substantially equivalent to the offenses for which Ohio requires registration. *See State v. Lloyd*, 132 Ohio St.3d 135, 2012-Ohio-2015, 970 N.E.2d 870.

{¶ 15} Additionally, with regard to expungement of criminal records for offenses committed in other states, the Ohio Supreme Court has indictaed that the purpose of

---

[2] Fenton's offense would have been classified as a minor misdemeanor under Ohio law both at the time of his 1999 conviction and at the time of his license application.

expungement, i.e., providing relief to qualified offenders in order to facilitate their prompt transition into productive societal roles, is paramount to any interests that the state where the offender was convicted might possess. *Barker v. State*, 62 Ohio St.2d 35, 40-41, 402 N.E.2d 550 (1980). "To require Ohio to subordinate its announced policy, however wise or unwise it may be, for that of the lex loci delictus, would be repugnant to this state's interests with respect to its residents." *Id.* at 41. "Since each state has both the constitutional authority to enact its own laws, and the corollary right to apply them with respect to persons or events within its borders in a manner consistent with the limits of due process, the Full Faith and Credit Clause [of the Constitution of the United States] does not ordinarily compel the displacement of local law with the conflicting law of another state, notwithstanding the undeniable applicability of the conflicting law in the other jurisdiction with reference to the same persons or events." *Id.* at 40-41.

{¶ 16} These cases indicate that Ohio intends its citizens' rights and liabilities to be determined by Ohio law. "The Ohio legislature has a right, in the interest of self government, to enact laws for the benefit and protection of its citizens and to determine what those interests may be." *State ex rel. Gain v. Rossi*, 7th Dist. Mahoning No. 98-CA-51, 1999 WL 148364, * 7 (Mar. 9, 1999).

{¶ 17} With this in mind, we turn next to the issue of interpreting R.C. 2923.125. "The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature." *In re M.W.*, 133 Ohio St.3d 309, 2012-Ohio-4538, 978 N.E.2d 164, ¶ 17, citing *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11. The principles of statutory construction require a court to look at the  specific language contained in the statute, and if that language is unambiguous, to then apply the clear

meaning of the words used. *Roxane Laboratories, Inc. v. Tracy*, 75 Ohio St.3d 125, 127, 661 N.E.2d 1011 (1996). R.C. 1.42 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." A court must give effect to the words used in a statute without deleting or adding any words. *Pearn v. DaimlerChrysler Corp.*, 148 Ohio App.3d 228, 2002-Ohio-3197, 772 N.E.2d 712, at ¶ 63, citing *Lesnau v. Andate Ent., Inc.*, 93 Ohio St.3d 467, 471, 756 N.E.2d 97 (2001). However, "[i]t is a well recognized principle of law that courts may interpret rules and statutes where they are vague or silent as to details necessary for their just application." *East Ohio Gas Co. v. Walker*, 59 Ohio App.2d 216, 221, 394 N.E.2d 348 (8th Dist. 1978).

{¶ 18} R.C. 2923.125 states that the General Assembly's intent, with regard to Ohio's concealed handgun license law, is to be "compliant with the national instant criminal background check system," and to ensure that a person with a concealed handgun license is "eligible lawfully to receive or possess a firearm in the United States." Thus, it is clear that the statute requires a nationwide criminal background check prior to the issuance of a license in order to ensure that persons with certain disabilities, such as criminal convictions and mental defects, cannot obtain a license to carry a concealed handgun. Ohio has recognized the "need to provide uniform laws throughout the state" regulating ownership and possession of firearms. C*leveland v. State*, 128 Ohio St.3d 135, 2010-Ohio-6318, 942 N.E.2d 370, ¶ 2. R.C. 2923.125 is just one of many statutes forming a comprehensive enactment regulating guns within the State of Ohio. *Id.* at ¶ 17-21. Thus, R.C. 2923.125 cannot be considered in a vacuum when determining the legislature's intent. *Id.*

{¶ 19} In determining intent, we note that R.C. 9.68 explicitly states that gun

ownership is a "fundamental individual right" that is a "constitutionally protected right in every part of Ohio." *Cleveland* at ¶ 2. Thus, it is clear, from a reading of R.C. 9.68, that the General Assembly regards the constitutional right to bear arms within the State as an important limit upon gun legislation.

{¶ 20} A review of R.C. 2923.125 reveals that only certain Ohio criminal violations act to prevent licensure. Specifically, with regard to drug offenses, the statute refers to R.C. Chapter 2925. R.C. 2923.125, however, does not make any reference to the criminal laws of other states when defining the conduct that will result in the denial of a license. With regard to marijuana, Ohio has found that possession of any amount less than 100 grams (3.52 ounces) constitutes a minor misdemeanor. Fenton was convicted in Georgia of possession in an amount less than an ounce. That amount does not even constitute a fourth degree misdemeanor in Ohio, as that degree of offense requires possession of more than three times the amount Fenton possessed.

{¶ 21} The State argues that we must rely on the classification of an offense by the state in which the crime was committed. While we understand the State's argument, we find that, given the facts of this case, reliance upon another state's classification has resulted in an infringement upon Fenton's recognized rights in contravention of Ohio law.

{¶ 22} We conclude that in determining whether R.C. 2923.125 precludes issuing a license to a person convicted of a crime in another state, the offense must be one that would merit such preclusion under the terms of the criminal statutes set forth in the statute; i.e., Ohio criminal laws. The mere fact that another state might classify an offense as a more serious crime than does Ohio is not enough, in our view, to determine whether the offender should be denied a license. Conversely, this State should be free

to deny a license application of any individual who committed an offense in another state that is classified as a lesser degree of offense than the crime would be classified under Ohio law.

**{¶ 23}** Fenton's sole assignment of error is sustained.

## IV. Conclusion

**{¶ 24}** Fenton's sole assignment of error being sustained, the judgment of the court of common pleas is reversed and remanded for proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Stephen D. Behnke
Nathaniel R. Luken
Hon. Stephen Wolaver